THE PEOPLE *ex rel.* Commissioners of Highways, Appellants, *vs.* THE BOARD OF SUPERVISORS OF CUMBERLAND COUNTY, Appellees.

*Opinion filed April 23, 1908—Rehearing denied June 4, 1908.*

1. ROADS AND BRIDGES—*county is only required to aid town in building one bridge.* Section 19 of the Road and Bridge act, providing for county aid where the cost of a bridge to be built by a town exceeds twenty cents on the $100 of the latest assessment roll and the town has levied the full amount of the forty-cent road and bridge tax for the past two years, does not permit a town to add the cost of several bridges, but is limited to cases where the cost of a single bridge exceeds the amount specified in the statute.

2. MANDAMUS—*what is essential to a petition to compel county aid in building a bridge.* A petition for *mandamus* to compel a county to aid a town in building a bridge must show that the conditions specified in section 19 of the Road and Bridge act exist, and that there are funds in the county treasury, or procurable by the county board, which may be lawfully appropriated to aid the town in building the bridge.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Cumberland county; the Hon. M. W. THOMPSON, Judge, presiding.

C. A. SHUEY, for appellants.

WALTER BREWER, State's Attorney, for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a petition filed in the circuit court of Cumberland county in the name of the People, upon the relation of commissioners of highways of the town of Cottonwood, in said county, against the board of supervisors of said county, for a writ of *mandamus* to compel the respondents to appropriate one-half of the amount necessary to pay the cost of constructing two bridges in the town of Cottonwood.

A demurrer was interposed to the petition and sustained, and the relators electing to stand by their petition, a judgment was entered dismissing the petition at the relators' cost, which judgment has been affirmed by the Appellate · Court for the Third District, and a further appeal has been prosecuted to this court.

The petition averred that it was necessary to construct two bridges in said town of Cottonwood,—one over Muddy creek, at Johnstown's ford, and the other over Cottonwood creek, at Doom Easton ford; that the cost of said bridges would be $2800, which was more than twenty cents on the · latest assessment roll of said town, and that the levy of the road and bridge tax for the two years last past in said town was in each year for the full amount of forty cents on each $100, the major part of which was needed for the ordinary repair of roads and bridges in said town, and that the relators had petitioned the respondents for aid in the construction of the said bridges, which aid the respondents had refused to furnish, etc..

The section of the statute under which it was sought to coerce the board of supervisors of said county to appropriate funds to pay one-half of the cost of constructing said bridges (Hurd's Stat. 1905, sec. 19, chap. 121, p. 1725,) reads, in part, as follows: "When it is necessary to construct or repair any bridge over a stream, or any approach or approaches thereto, by means of an embankment or trestlework on a public road, in any town or on or near to or across a town line, in which work the town is wholly or in part responsible, and the cost of which will be more than twenty cents on the $100 on the latest assessment roll, and the levy of the road and bridge tax for two years last past in said town was in each year for the full amount of forty cents on each $100 allowed by law for the commissioners to raise, the major part of which is needed for the ordinary repair of roads and bridges, the commissioners may petition the county board for aid, and if the foregoing facts shall

appear, the county board shall appropriate from the county treasury a sum sufficient to meet one-half the expenses of the said bridge or other work, on condition the town asking aid shall furnish the other half of the required amount."

The demurrer was general and special in form, and particularly pointed out that the petition failed to show that the cost of either one of the bridges therein mentioned would exceed in cost the amount of money raised by a levy of twenty cents on each $100 valuation on the latest assessment roll of the taxable property in said town. The question is therefore presented upon this record for decision whether the cost of each bridge sought to be built, before county aid in the construction thereof can be demanded by a town, must be "more than twenty cents on the $100 on the latest assessment roll," or whether the cost of two or more bridges may be aggregated in order to equal said amount.

We think it clear that it was not the intention of the legislature, in passing the statute above quoted, to require county aid in the construction of every or all bridges which the commissioners of highways in the several towns might determine to construct, but that such aid is required by said section of the statute only in exceptional cases and only where the cost of a single bridge will be more than twenty cents on the $100 on the latest assessment roll, otherwise it would be possible for a town to aggregate the cost of all bridges to be constructed in the town, and the county in which the town was located could be required, under the statute, to pay one-half of the cost of every bridge constructed in the town if the aggregate of the cost of all the bridges exceeded twenty cents on the $100 of the latest assessment roll, which clearly was not the object sought to be accomplished by said section of the statute.

It is urged, however, by relators that this court, in *Town of New Boston v. Board of Supervisors,* 110 Ill. 197, and *People ex rel. v. Board of Supervisors,* 125 id. 9, is committed to the view that the cost of several bridges may be

aggregated in order to make the cost of construction more than twenty cents on the $100 on the latest assessment roll. While the facts in those cases would seem to justify the conclusion of the relators, the question raised in this case was not raised or discussed in either of those cases, and those cases are not authority upon the point now under consideration.

Our conclusion is, therefore, that the petition filed by the relators does not show the relators entitled to the relief prayed for therein.

In *Board of Supervisors* v. *People ex rel.* 222 Ill. 9, it was held, in a case like this, that to justify a court in issuing a writ of *mandamus* to require a county board to appropriate money to meet one-half of the expenses of building a town bridge, even where the commissioners of highways have fully complied with the statute authorizing such appropriation, it should appear that there is money in the county treasury or under the control of the county board which might lawfully be appropriated for that purpose. The petition filed in this case failed to show that there were funds in the county treasury of Cumberland county, or that the county board had power to procure such funds, which could be lawfully appropriated by the county board of said county to aid in the construction of said bridges.

For the reasons hereinbefore stated in this opinion the petition filed by the relators was insufficient and the court properly sustained a demurrer thereto.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DUNN took no part in the decision of this case.