THE PEOPLE *ex rel.* Charles W. McCall, County Collector, Appellee, *vs.* THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Appellant.

*Opinion filed February 25, 1911.*

1. TAXES—*failure to comply with substantial requirements of statute vitiates tax.* A failure to comply with the substantial requirements of the statute is not a mere irregularity but an omission which vitiates the tax.

2. SAME—*petition for county aid should show that cost of each bridge will exceed rate fixed by statute.* A petition by a township for county aid in building bridges must show that the cost of building or repairing each bridge for which the aid is asked will exceed the rate fixed by section 19 of the Roads and Bridges act, authorizing county aid.

3. SAME—*when petition for county aid is sufficient—when insufficient.* A petition by a township asking county aid for the construction and repair of several bridges is sufficient if it specifies that the cost of building or repairing each bridge will exceed the rate fixed by law, but if it fails to specify that fact it is insufficient, as county aid is not authorized merely because the aggregate cost of building or repairing several bridges will exceed that rate.

4. SAME—*county tax levy for "bridges" includes building new bridges, repairing old ones and building approaches.* A county tax levy for "bridges" is broad enough to include the building of new bridges, the repair of old ones and the building of approaches or abutments, and such levy need not be subdivided to show how much is to be used for each of such purposes.

5. SAME—*valid and invalid portions of tax should be separated, if possible.* If possible, the valid and invalid portions of a tax should be separated and the objections sustained as to the invalid portions and overruled as to the others; and in case of a county

tax levy for "bridges," based upon petitions by the townships for county aid, if a part of the petitions are sufficient the portion of the levy based thereon should be sustained, even though the portion based upon the insufficient petitions must fail.

6. SAME—*appropriation of money does not require the money to be on hand.* A county tax levy for bridges is not invalid because a resolution by the county board for issuing warrants to pay certain expenses connected with the building of the bridges, against funds theretofore "appropriated" for that purpose, showed that there was no money in the county treasury at that time, as it is not essential to the validity of an appropriation that the funds to meet the same be on hand.

APPEAL from the County Court of Whiteside county; the Hon. R. W. E. MITCHELL, Judge, presiding.

CHARLES A. VILAS, (EDWARD M. HYZER, of counsel,) for appellant.

J. J. LUDENS, State's Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal by the Chicago and Northwestern Railway Company from an order of the county court of Whiteside county wherein the objections of the appellant were overruled and judgment entered for delinquent taxes against its property.

The specific item of the levy of the county board of supervisors objected to is "bridges, $25,000." The evidence in the record upon which the levy for this item was based consists of a resolution and levy by the county board and of petitions and proceedings of the various townships for county aid in the construction and repair of bridges and approaches, under section 19 of the Road and Bridge act. (Hurd's Stat. 1908, p. 1834.) Said section 19 was amended in 1909, changing the twenty cents on the $100 to twelve cents, (Hurd's Stat. 1909, p. 1915,) but the change does not appear to affect this case, the petitions for county aid all being filed in 1907 and 1908 and the briefs do not make

any point of the change. From this record it appears there were some fifteen different petitions from different towns, involving many more bridges, for which this levy was attempted to be made. The work proposed includes not only the construction of new bridges, but the repair of old ones and the approaches and abutments thereof. In some of these petitions for county aid presented by the township authorities several bridges were called for in each petition, and the amount appropriated by the county was in a lump sum for all the bridges under a given petition. This court held in *People* v. *Board of Supervisors,* 234 Ill. 412, that it was not the intention of the legislature, under said section 19 of the Road and Bridge act, "to require county aid in the construction of every or all bridges which the commissioners of highways in the several towns might determine to construct, but that such aid is required by said section of the statute only in exceptional cases, and only where the cost of a single bridge will be more than twenty cents on the $100 on the latest assessment roll, otherwise it would be possible for a town to aggregate the cost of all bridges to be constructed in the town, and the county in which the town was located could be required, under the statute, to pay one-half of the cost of every bridge constructed in the town if the aggregate of the cost of all the bridges exceeded twenty cents on the $100 of the latest assessment roll, which clearly was not the object sought to be accomplished by the said section of the statute." A number of these petitions presented to the county board by the township officials were not in conformity with this holding, and it was contrary to law for the county to grant aid on such petitions. This court has frequently held that a failure to comply with the substantial requirements of the statute is not an irregularity, merely, but an omission which vitiates the tax. (*Chicago, Burlington and Quincy Railroad Co.* v. *People,* 213 Ill. 458; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 id. 312.) Some of the petitions, however, that

asked for aid in building more than one bridge, provided that "the cost of building each one of said new bridges will be more than twenty cents on the $100 on the latest assessment roll of said town." A petition in that form is in conformity with the law.

When the valid portions of the tax can be distinguished and separated from the illegal or invalid portions this should be done, objections to the invalid portions sustained and judgment entered for the valid portions. (*Siegfried* v. *Raymond,* 190 Ill. 424; *People* v. *Centralia Gas and Electric Co.* 238 id. 113.) The petitions of the township authorities that conform to the law can be separated without difficulty from those that did not conform to the law in the respect that has just been considered. The county court should have sustained the objections to that portion of the tax where the petitions did not show that the cost of each bridge was more than twenty cents on the $100 on the latest assessment roll. The court rightly overruled, however, the objections on this point when the petitions showed that the cost of building or repairing each bridge or building each approach would be more than twenty cents on the $100 on the latest assessment roll of the township.

The further objection is made that the county board should have subdivided the levy for bridges by showing in the levy how much of the money was to be used for building new bridges, how much for repairing bridges and how much for the approaches or abutments. The item "bridges" fairly includes the building of new bridges, the repair of old ones and the building of approaches or abutments. (*People* v. *Cairo, Vincennes and Chicago Railway Co. supra.*) The approaches or abutments are usually a part of the bridge. *State* v. *Illinois Central Railroad Co.* 246 Ill. 188.

The appellant further contends that the objection to the entire bridge tax should have been sustained because the county board, on September 15, 1909, adopted a resolution in which they provided for issuing warrants to pay certain

expenses connected with building these bridges, against the funds theretofore "appropriated" for that purpose, the resolution showing that there was no money at that time in the county treasury. It is argued that to "appropriate" means to set aside for a particular use a sum or amount of money on hand, and that unless the money is on hand there can be no legal appropriation. It is not essential to the validity of the appropriation that funds to meet the same should be at the time in the treasury. As a matter of fact, there are seldom in the treasury the necessary funds to meet the several amounts appropriated for any given year. An appropriation may legally be made of revenue to accrue in the future. (*People v. Brooks,* 16 Cal. 11; *Shattuck v. Kincaid,* 31 Ore. 379; 4 Ency. of L. & P. 1227.) If the contentions of counsel on this point were sustained it would effectually prevent the issuing of anticipation warrants to be paid out of taxes already levied by public authorities under chapter 146a. (Hurd's Stat. 1909, p. 2275.)

The further argument is made that the statements filed with the county board were not sufficiently itemized to authorize the expenditure by the county for the building and repairing of the bridges, abutments and approaches. It is not pointed out in what special particular these statements were faulty. We have examined the statements in question and deem them in conformity with the statute.

Except in the respect heretofore pointed out as to certain petitions, we think the records show that the county board had jurisdiction to authorize the levy of the tax in question.

The judgment of the county court will be reversed and the cause remanded, with directions to enter judgment in accordance with the views herein expressed.

*Reversed and remanded, with directions.*