(No. 14181.—Judgment reversed.)

THE PEOPLE *ex rel.* A. Bothfuhr, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1921.*

1. TAXES—*county tax cannot exceed rate of fifty cents on $100 valuation.* Regardless of any question concerning scaling or reducing taxes levied for particular purposes, the aggregate of all county taxes must not exceed the rate of fifty cents on the $100 valuation unless authorized by a vote of the people.

2. SAME—*when levy of lump sum for several purposes cannot be sustained.* A levy of county taxes for "fuel, light, water, telephone, insurance, street improvements" is for several purposes, and if the levy is of a lump sum for all such purposes it does not comply with section 121 of the Revenue act and is void.

3. SAME—*purpose of the statute requiring amounts for different purposes to be stated separately.* The purpose of section 121 of the Revenue act, providing that where county taxes are to be raised for several purposes the amount for each purpose shall be stated separately, is to furnish the tax-payer information to enable him to prevent the collection of taxes levied for any illegal purpose and to require the application of a tax, when collected, to the purpose for which it was levied.

APPEAL from the County Court of Kankakee county; the Hon. JAMES T. BURNS, Judge, presiding.

W. R. HUNTER, for appellant.

ANKER C. JENSEN, State's Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon an application by the county collector of Kanka-kee county to the county court for judgment against the property of the Chicago and Eastern Illinois . Railroad Company for delinquent taxes, the company objected to the excess above fifty cents on the $100 valuation levied for county purposes. The court overruled the objection and rendered judgment for the taxes, together with penalty and costs.

It was stipulated at the hearing that the People had made a *prima facie* case; that the rate extended for county taxes was fifty-three cents on each $100 valuation; that the levy of an additional amount over fifty cents on each $100 valuation had not been authorized by any vote of the people; that included in the county levy there was an item of $12,000 for "fuel, light, water, telephone, insurance, street improvements," and that the excess of the county tax above fifty cents on each $100 valuation levied on the property of the company amounted to $745.54.

By sections 25 and 27 of the act in relation to counties the county boards of the several counties are limited in the levy and collection of taxes for county purposes, including all purposes for which an amount may be raised by the county by taxation, to fifty cents on the $100 valuation, except for indebtedness existing at the time of the adoption of the constitution, unless an additional rate has been authorized by a vote of the people at an election held· for that purpose. (Laws of 1919, p. 740.) No question concerning scaling or reducing taxes levied for particular purposes is involved, but the aggregate of all county taxes

must not exceed fifty cents on the $100 valuation unless authorized by a vote of the people. *People* v. *Hoerr,* 294 Ill. 338; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 295 id. 191; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 295 id. 214.

Section 121 of the Revenue act provides that where county taxes are to be raised for several purposes the amount for each purpose shall be stated separately. The levy in this case for "fuel, light, water, telephone, insurance, street improvements," was for several purposes and the statute was disregarded. The object of the statute is to furnish a tax-payer information as to the purposes for which taxes are levied, so as to enable him to prevent the collection of taxes levied for any illegal purpose and to require the application of a tax, when collected, to the purpose for which it was levied. No tax-payer could tell what street improvements are contemplated or already made, where they were or what liability there was of the county to pay for them, what was to be insured, or where or to what use any of the things mentioned was to be applied. The levy did not come within the rule of *People* v. *Jackson,* 272 Ill. 494, where the levy was limited to the maintenance, repair and care of public buildings by furnishing light, heat and repairs. The amounts for the several purposes were not stated separately and the levy was illegal and void. *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 224 Ill. 523; *People* v. *Toledo, St. Louis and Western Railroad Co.* 231 id. 498; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237.id. 312; *People* v. *Bowman,* 253 id. 234.

The levy of an excess above fifty cents on each $100 valuation and including the item for several purposes· not stated separately was void.

The judgment is reversed.          *Judgment reversed.*