(No. 16311.—Affirmed in part and reversed in part.)

THE PEOPLE *ex rel*. S. L. James, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY *et al.* Appellants.

*Opinion filed December 16, 1924.*

1. TAXES—*county tax cannot be levied in gross for all purposes.* A levy of a county tax for all county purposes, without specifying the several amounts levied for each separate purpose, is void.

2. SAME—*purpose of section 121 of the Revenue act, requiring itemization of county tax.* The purpose of section 121 of the Revenue act, requiring an itemization of the amounts for the different purposes in a county tax, is to give the tax-payer an opportunity to know for what purposes taxes are being levied and collected, to prevent an unjust levy for any purpose, and to require the application of the tax, when collected, to the purpose of the levy.

3. SAME—*county tax levy ordinance must be adopted by aye and nay vote.* The levy of a separate amount for each county purpose is an appropriation of that amount to the purpose for which it is levied, and the vote on the adoption of the county tax levy ordinance must, under the statute, be taken by ayes and nays and must be entered on the record of the board of supervisors.

4. SAME—*record of supervisors may be amended to show an aye and nay vote.* The record of the board of supervisors may be amended to show the taking of an aye and nay vote on the county tax levy ordinance, and as amended the record may be introduced in evidence in the county collector's proceeding for delinquent taxes.

5. SAME—*when the items for miscellaneous purposes are void.* Town tax levy items for "incidentals" and for "miscellaneous expenses" are void where they amount in one instance to twenty per cent and in another to thirteen per cent of the entire tax.

6. SAME—*when consent may be obtained for additional town road and bridge tax.* Additional town road and bridge taxes are valid where consent to the additional tax is obtained on the first Tuesday in September and prior to the levy of the tax. (*People* v. *Illinois Central Railroad Co. ante,* p. 373, followed.)

APPEAL from the County Court of Effingham county; the Hon. BARNEY OVERBECK, Judge, presiding.

PARKER & BAUER, (H. T. DICK, and L. H. STRASSER, of counsel,) for appellants.

EDWARD J. BRUNDAGE, Attorney General, and PAUL TAYLOR, State's Attorney, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellants prosecute this appeal to review a judgment of the county court of Effingham county overruling objections filed by them to certain county and town taxes and entering an order of sale against their property.

The objection to the county tax is, that the record of the board of supervisors does not show that the tax levy ordinance was adopted by an aye and nay vote, as required by section 54 of the County act. This section requires that all propositions to appropriate money from the county treasury shall be taken by ayes and nays and entered on the record of the meeting. The only act of the board of supervisors appropriating money to the several county purposes is the tax levy ordinance adopted at the September meeting. There is no objection to making the levy and the appropriation at the same time. (*People* v. *Chicago and Northwestern Railway Co.* 249 Ill. 170.) We have repeatedly held that a levy in gross for all county purposes without specifying the several amounts levied for each separate purpose is void. (*Chicago, Burlington and Quincy Railroad Co.* v. *People,* 213 Ill. 458; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 id. 197.) The object of the

requirement of section 121 of the Revenue act is to give the tax-payer an opportunity to know for what purposes taxes are being levied and collected and to prevent an unjust levy for any purpose, (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 231 Ill. 209,) and also to enable him to require the application of a tax, when collected, to the purpose for which it was levied. (*People* v. *Chicago and Eastern Illinois Railroad Co.* 300 Ill. 251; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 243 id. 217.) The only way a tax-payer can protect himself from unlawful expenditures is by knowing, before he contributes his money, for what purpose it is to be expended. (*People* v. *Day*, 277 Ill. 543.) The levy of a separate amount for each county purpose being an appropriation of that amount to the purpose for which it is levied, the vote on the adoption of the levy ordinance must be taken by ayes and nays and must be entered on the record of the board of supervisors. At the time the county tax to which objection is made was extended, the record of the board of supervisors of Effingham county did not show that the vote was taken by ayes and nays. After the hearing on the objections to the county tax was concluded, but during the same term of the county court, the board of supervisors at their June meeting by resolution amended the record so as to show that an aye and nay vote had been taken and that all of the supervisors voted aye. Appellants contend that the fact that the tax was extended when the record of the board did not show the adoption of the tax levy resolution by an aye and nay vote invalidated the tax and that it could not be validated by a subsequent correction of the record. This court has heretofore held the contrary. (*People* v. *St. Louis, Iron Mountain and Southern Railway Co.* 278 Ill. 25; *People* v. *Ross*, 272 id. 285; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 id. 195.) The court did not abuse its discretion in permitting the case to be opened up for the taking of this further evidence. *People* v. *St. Louis*,

*Iron Mountain and Southern Railway Co. supra; People* v. *Chicago, Burlington and Quincy Railroad Co.* 282 Ill. 206.

The town of Summit made a total levy of $1000 and included therein $200 "for incidentals." The town of Mound made a total levy of $1500 and included in it $200 "for miscellaneous expenses." In *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 256 Ill. 501, it was said: "To permit a taxing body to levy one-eighth or one-ninth of the entire tax levied in the municipality for a year for contingent and general expenses would be to permit a taxing body to include matters in a tax levy which were not authorized by law." While an inconsiderable amount may be levied by a town under the general designation "contingent and general expenses," the courts can approve such general tax levies only when they are for a small amount as compared with the entire levy. In the case last cited the amount levied for general expenses was sixteen per cent of the entire tax levied and was held void. In *People* v. *Millard,* 307 Ill. 556, the levy for miscellaneous purposes was slightly less than ten per cent of the entire tax levy and it was held void. In the town of Summit the amount levied for incidentals amounts to twenty per cent of the whole, and in the town of Mound the amount levied for miscellaneous expenses amounts to more than thirteen per cent of the whole. Under the authorities cited these levies were void.

The objections made to the road and bridge tax for the towns of Banner and Summit are the same as were made to the road and bridge tax considered in *People* v. *Illinois Central Railroad Co.* (*ante,* p. 373,) and *Same* v. *Same,* (*ante,* p. 339,) and for the reasons given in the opinion this day filed in that case the objections were properly overruled.

The judgment of the county court is affirmed in so far as it overruled the objections to the county tax and the road and bridge tax and is reversed with respect to the objection to the town tax.

*Affirmed in part and reversed in part.*