THE PEOPLE ex rel. Thomas J. Dale, County Collector, Appellee, vs. WALTER L. Ross, Receiver, Appellant.

*Opinion filed February 16, 1916.*

1. TAXES—*certifying rate is not certifying amount required for road and bridge purposes.* The requirement of section 56 of the Roads and Bridges act of 1913 that the highway commissioners shall certify the amount required for road and bridge purposes at their meeting on the first Tuesday in September is not satisfied by a certificate of the rate per cent on each $100 valuation of the property of the township.

2. SAME—*amounts required by village for fuel and light should be stated separately.* The amounts required by a village for fuel and light should be stated separately and not in a lump sum for the two purposes.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

H. M. STEELY, C. E. POPE, and H. F. DRIEMEYER, (CHARLES A. SCHMETTAU, of counsel,) for appellant.

JOHN H. LEWMAN, State's Attorney, (R. W. FISK, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a judgment of the county court of Vermilion county ordering a sale of the property of appellant for road and bridge taxes of the town of Love and for the taxes of the village of Ridge Farm.

The objection to the road and bridge taxes of the town of Love is, that the commissioners of highways, at their meeting on the first Tuesday in September, did not determine or certify to the board of supervisors the amount necessary to be raised for the proper construction, maintenance and repair of roads and bridges, but did determine upon and certify a levy of sixty-one cents on each $100 valuation

of the property in the township. This was not a compli-
ance with the statute, which requires the amount, and not
the tax rate, to be determined and certified at the meeting
on the first Tuesday in September. (*People* v. *Illinois Cen-
tral Railroad Co.* 270 Ill. 485; *People* v. *New York Cen-
tral Railroad Co.* 271 id. 231.) This objection should have
been sustained.

The total amount of the tax levied by the village of
Ridge Farm for the fiscal year 1914 was $3900, and in-
cluded in this was the item "for the purpose of defraying
the expense of fuel and light in the sum of $2300." Ap-
pellant objected to this item and paid the proportion of the
village tax represented by the balance of the tax levy. The
objection to this item is that it embraces more than one pur-
pose and that the purposes embraced within the item are
not stated separately and in detail, and the ordinance does
not afford the appellant an opportunity to determine what
amounts were intended to be levied for either of the pur-
poses embraced in the item. Section 1 of article 8 of the
Cities and Villages act (Hurd's Stat. 1913, p. 283,) pro-
vides that the board of trustees of villages shall each year
ascertain the total amount of appropriations for all corpo-
rate purposes, and "by an ordinance specifying in detail the
purposes for which such appropriations are made and the
sum or amount appropriated for each purpose respectively,"
levy the amount so ascertained upon all the taxable prop-
erty within the village. This statute contemplates that each
purpose for which money is levied shall be set out sepa-
rately and in detail in the tax levy ordinance. It cannot
be successfully contended that a levy for fuel for the vil-
lage for one year and a levy for light for the village for
one year are not for separate and distinct purposes, and
this provision of the statute requires that these purposes
should be set out separately. This was an improper item
to be incorporated in the tax levy ordinance, and the objec-
tion to it should have been sustained.

The judgment of the county court is reversed and the cause remanded, with directions to sustain the objections to the road and bridge taxes of the town of Love and to the taxes of the village of Ridge Farm.

*Reversed and remanded, with directions.*