(No. 15695.—Judgment affirmed.)

THE PEOPLE *ex rel.* Charles H. Eastman, County Collector, Appellant, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY *et al.* Appellees.

*Opinion filed December 19, 1923—Rehearing denied Feb. 7, 1924.*

1. TAXES—*school tax levy is void if not made on or before first Tuesday in August—curative act of 1923.* Under section 190 of the School law, taxes must be levied by the school board on or before the first Tuesday in August or the levy will be void, and the act of June 27, 1923, can have no effect to validate a levy not made in the required time, as it validates the tax only when the certificate of levy is not returned to the township treasurer or county clerk within the time specified by the statute.

2. SAME—*highway commissioner should certify amount of tax and not the rate, alone.* Although the board of town auditors has authorized in writing a greater rate of taxes for road and bridge purposes than fifty cents on the $100, an objection to the additional levy is properly sustained where the highway commissioner has certified only the rate allowed and not the amount necessary to be raised.

APPEAL from the County Court of Lee county; the Hon. JOHN B. CRABTREE, Judge, presiding.

MARK C. KELLER, State's Attorney, H. A. BROOKS, and E. E. WINGERT, for appellant.

HENRY S. DIXON, GEORGE C. DIXON, and SHERWOOD DIXON, (J. A. CONNELL, and C. S. JEFFERSON, of counsel,) for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted by the county collector of Lee county from a judgment of the county court sustaining objections of appellees to judgment for certain taxes for school purposes and certain taxes for road and bridge purposes.

The objections to the school taxes were that no levy was made until after the first Tuesday in August. Section 190 of the School law requires the levy to be made on or before the first Tuesday in August and a certificate of the levy returned to the township treasurer, who is required to file it with the county clerk on or before the second Monday in August. That no levy was made until after the time fixed by statute is not disputed, but appellant contends the tax was validated by the curative act approved June 27, 1923. That act does not purport to validate a tax which was never attempted to be levied until after the time required by the statute had passed, but only purports to validate a tax when the certificate of levy has not been returned to the township treasurer or county clerk within the time specified by the statute. We have held that any action of the board in levying the tax must be taken before the first Tuesday in August, otherwise there can be no tax legally levied. (*People* v. *Wabash Railway Co.* 296 Ill. 518; *People* v. *Chicago and Alton Railroad Co.* 306 id. 525.) Failure to file the certificate of levy within the time prescribed by the statute will not affect the validity of the tax. (*People* v. *Cox*, 301 Ill. 130.) The act relied on by appellant was not intended to and could not validate a tax when the levy was unauthorized.

The objection to the road and bridge tax of Lee Center township was that the certificate of levy did not state the amount required to be levied. The certificate states that the majority of the board of auditors had consented to

levying a greater rate of taxes than fifty cents on the $100; that the board, in writing, consented to a levy of sixty-six cents and the commissioner certified he determined to levy for roads and bridges sixty-six cents.   It is nowhere stated in the certificate of levy the amount necessary to be raised for the purposes for which the tax was levied.   It was held in *People* v. *Ross,* 272 Ill. 63, *People* v. *New York Central Railroad Co.* 271 id. 231, *People* v. *Cairo, Vincennes and Chicago Railway Co.* 266 id. 557, and *People* v. *Chicago, Indiana and Southern Railroad Co.* 265 id. 622, that such levy was not a compliance with section 56 of the Road and Bridge act, which requires the commissioner to determine and certify the amount necessary to be raised.   A certificate of the rate, only, is not sufficient.   On the hearing of the objections to the road and bridge tax the commissioner testified that the amount it was determined to levy was the same as the amount levied the previous year; that he did not have the figures of the previous levy but that it was between $7000 and $8000; that his intention was to get the maximum amount a sixty-six-cent rate would produce. Appellant moved to amend the record to show that a levy of sixty-six cents would produce the amount of $7500, and that the words "sixty-six cents" in the certificate of levy where the amount should have been stated be stricken out and $7500 inserted.   The record does not show appellant secured any ruling of the court on the motion and the record was never amended.   Under the decisions above referred to, the levy of the additional tax above fifty cents on the $100 was void and the court properly so held.

The judgment is affirmed.

*Judgment affirmed.*