(No. 15824.—Judgment reversed.)

THE PEOPLE *ex rel.* Joseph Mann, County Collector, Appellee, *vs.* THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Appellant.

*Opinion filed April 14, 1924.*

1. TAXES—*school tax levied after first Tuesday in August is invalid.* The levy of a school tax is the action of the school board in determining the amount necessary to be raised for educational and building purposes for the ensuing year in the school district; and this action must be taken before the first Tuesday in August, otherwise there can be no tax legally levied.

2. SAME—*curative act of 1923 does not validate tax levied after time required by statute.* The curative act of June 27, 1923, does not purport to validate a tax which was not attempted to be levied until after the time required by statute for such levy had passed, but only purports to validate a tax when the certificate of levy has not been returned to the township treasurer or county clerk within the time specified by the statute.

APPEAL from the County Court of Whiteside county; the Hon. WILLIAM A. BLODGETT, Judge, presiding.

STAFFORD, SCHOEDE & STAFFORD, (C. S. JEFFERSON, of counsel,) for appellant.

ROBERT W. BESSE, State's Attorney, (A. M. BLODGETT, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The county collector of Whiteside county made application for judgment for delinquent taxes, etc., levied by school district No. 111 for the year 1922 against certain lands, including the property of the Chicago, Milwaukee and St. Paul Railway Company, appellant, and also certain lands owned by the Chicago, Burlington and Quincy Railroad Company and the Burlington and Northern Railway Company. The objection of the railroad companies was, in substance, that the board of directors of said school district did not make a school tax levy for the year 1922 until August 4, 1922,

which was after the first Tuesday of August of that year. The county court of said county overruled appellant's objection and held that the act of the General Assembly approved June 27, 1923, validated the levy, and entered judgment against appellant's property for the school tax, penalty, interest and costs, amounting to $1331.91.   It has perfected this appeal.

There were similar judgments against the other two railroad companies on the same objection, and a stipulation was entered between those railroad companies and the county collector that the judgments in those cases abide the result of the appeal in this case, and those judgments are not here for review.

There is no question about the facts, and the question for decision is whether the curative act of 1923 validated the illegal levy by the school board.   This is necessarily so, because this court has repeatedly held that the levy of a tax is the action of the school board in determining the amount necessary to be raised for educational and building purposes for the ensuing year in the school district, and that this action must be taken before the first Tuesday in August, otherwise there can be no tax legally levied.   (*People* v. *Wabash Railway Co.* 296 Ill. 518; *People* v. *Cox,* 301 id. 130; *People* v. *Chicago and Alton Railroad Co.* 306 id. 525.)   In the cases of *People* v. *Chicago, Burlington and Quincy Railroad Co.* 310 Ill. 495, and *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 310 id. 508, it was held that the curative act of 1923 does not purport to validate a tax which was not attempted to be levied until after the time required by statute for such levy had passed, but only purports to validate a tax when the certificate of levy has not been returned to the township treasurer or county clerk within the time specified by the statute.   Those cases are controlling in this case.

The judgment of the county court is reversed.

*Judgment reversed.*