(No. 16054.—Reversed and remanded.)

THE PEOPLE *ex rel.* A. H. Stevenson, County Collector, Defendant in Error, *vs.* THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed October 28, 1924.*

1. TAXES—*city tax rate for general purposes should include police and firemen's pension funds, streets and bridges and public benefits.* The statutory limit of the rate for the levy of city taxes for general purposes includes the rates for police and firemen's pension funds, streets and bridges and public benefits, and where the taxes for public benefits and streets and bridges are levied by separate rates in addition to the statutory limit for general purposes, the taxes are to that extent void and are not validated by the act of June 26, 1923. (*People* v. *Illinois Central Railroad Co.* 310 Ill. 212, followed.)

2. SAME—*additional town tax for roads and bridges must have proper consent of town auditors.* The levy of a town tax for roads and bridges in excess of fifty cents on the $100 is void unless consent to the additional tax is obtained from a majority of the board of town auditors at a meeting held the first Tuesday in September.

3. SAME—*clerk should extend tax rate on assessed value equalized by tax commission.* The county clerk should extend the rate on the assessed value as equalized by the tax commission and not on the assessed value as equalized by the county board.

4. SAME—*school tax must be levied on or before the first Tuesday in August.* Under section 190 of the School law, taxes must be levied by the school board on or before the first Tuesday in August or the levy will be void, and the act of June 27, 1923, can have no effect to validate a levy not made in the required time.

WRIT OF ERROR to the County Court of Stephenson county; the Hon. E. W. LAUGHLIN, Judge, presiding.

LOUIS H. BURRELL, and HAROLD D. JAMES, (CARL S. JEFFERSON, of counsel,) for plaintiff in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

The Chicago, Milwaukee and St. Paul Railway Company filed objections to the application of the county collector of Stephenson county for judgment against its rail-

road for taxes and has appealed from the judgment over-ruling certain of the objections.

The taxes involved are those of the city of Freeport, the road and bridge taxes in certain townships and certain school taxes. Pursuant to the appropriation ordinance of the city of Freeport the county clerk extended taxes against the property situated in the city at the following rates on the $100: For general purposes, $1.33⅓ cents; bonds and interest, 33⅔ cents; library, 18 cents; public benefits, 20 cents; streets and bridges, 24 cents; firemen's pension, 2 cents; police pension, 3 cents,—making an aggregate rate of $2.34. Section 1 of article 8 of the Cities and Villages act limits the aggregate amount of taxes which may be levied by cities of the population of Freeport, exclusive of the amount levied for bonded indebtedness or interest thereon and the taxes authorized by law for specific purposes, to $1.33⅓ cents, within which rate were required to be included the levies for police and firemen's pension funds, public benefits and streets and bridges. The levies for these four purposes amount to 49 cents on the $100. The levy to the extent of the rate of $1.33⅓ for general purposes, (which includes police and firemen's pension funds, streets and bridges and public benefits,) of 33⅔ cents for bonds and interest and of 18 cents for library, making an aggregate of $1.85, was valid, but the excess above that rate was void and was not validated by the act approved June 26, 1923, for the reasons stated in *People* v. *Illinois Central Railroad Co.* 310 Ill. 212, where the same tax levy was under consideration. The objection of plaintiff in error to the excess rates should have been sustained.

Objection was also made to the road and bridge taxes of the towns of Rock Run, Dakota, Lancaster, Silver Creek and Florence in excess of 50 cents on the $100, because such taxes were levied without the consent, in writing, of the majority of the board of town auditors at a meeting held on the first Tuesday in September. In none of these towns

did a majority of the board of town auditors, at a meeting held on the first Tuesday in September, consent, in writing, to the levy of a tax in excess of 50 cents on the $100. The levy of such excess was void and the objection thereto should have been sustained. *People* v. *Illinois Central Railroad Co. supra.*

The further objection is made to the road and bridge taxes of these towns that the county clerk extended the rate on the assessed value as equalized by the county board instead of on the assessed value as equalized by the tax commission. This was not the proper procedure. These taxes were levied upon the assessed valuation as equalized by the county board, and the rate upon which the tax should have been extended in each town to raise a tax of 50 cents upon the assessed valuation as equalized by the Illinois tax commission is as follows, to-wit: Rock Run, .4834; Dakota, .4829; Silver Creek, .4803; Lancaster, .4861; Florence, .4797. The objection of plaintiff in error in this respect should have been sustained.

Plaintiff in error objected to the entire tax levied in Community High School District No. 404, and in school districts Nos. 55, 29 and 57, on the ground that the levy therefor was in no instance made on or before the first Tuesday in August, 1922, which was August 1, 1922. The levies were made on August 4, 8, 3 and 7, respectively. Under section 190 of the School law, taxes must be levied by the school board on or before the first Tuesday in August or the levy will be void, and the act of June 27, 1923, can have no effect to validate a levy not made in the required time. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 310 Ill. 495.) The objections of plaintiff in error to these taxes should have been sustained.

The judgment of the county court will be reversed and the cause will be remanded, with directions to sustain the objections of plaintiff in error.

*Reversed and remanded, with directions.*