(No. 16402.—Judgment affirmed.)

THE PEOPLE ex rel. B. F. Coffman, County Collector, Appellee, vs. THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1924.*

1. STATUTES—*when one statute does not repeal another by implication.* A repeal or amendment of a statute by implication can occur only where the terms of the later statute are so repugnant to the earlier that both cannot stand, and a statute which authorizes certain action by an official body at a meeting authorized by law to be held at a certain time is not repugnant to a subsequent statute which authorizes the holding of other meetings at other times without revoking the previous authority.

2. SAME—*subsequent legislature cannot change intention in a previous act.* The intention of the General Assembly in passing a particular statute is not affected by the act of a subsequent General Assembly.

3. TAXES—*when consent to additional town road and bridge tax may be obtained.* The amendment of the Township Organization law in 1923, providing for special meetings of the board of town auditors, does not affect the construction heretofore given section 56 of the Roads and Bridges act that consent to the levy of an additional town road and bridge tax may be obtained at the regular meeting of the board of town auditors on the first Tuesday in September, provided such consent is given prior to the levy of the tax.

4. SAME—*tax records may be amended to correspond with facts in evidence.* In the county collector's proceeding for judgment for delinquent taxes parol evidence of what occurred at the meetings of the taxing bodies may be admitted, and the officers charged with the keeping of the records of such meetings may be permitted, in the presence of the court, to amend the records in accordance with the facts shown by the evidence.

5. SAME—*what constitutes the levy of a school tax.* Since the amendment of section 190 of the School law in 1909 the act of the board of directors in ascertaining at its meeting the amounts necessary for school and building purposes constitutes the levy of the school tax, and the certificate of levy is merely the evidence of the levy on which the county clerk extends the tax, and failure to file the certificate with the township treasurer or failure of the treasurer to file it with the clerk does not render the tax void.

STONE, J., dissenting.

APPEAL from the County Court of Macon county; the Hon. JOHN H. McCoy, Judge, presiding.

LEFORGEE, BLACK & SAMUELS, (WALTER S. HORTON, and JOHN G. DRENNAN, of counsel,) for appellant.

CHARLES F. EVANS, State's Attorney, A. R. IVENS, and BYRON M. MERRIS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county court of Macon county overruled the objections of the Illinois Central Railroad Company to the application of the county collector for judgment against its property for certain delinquent taxes for the year 1923, and the railroad company has appealed.

The taxes involved were the excess over the rate of fifty cents on the $100 of the road and bridge taxes of several towns and the school tax of district No. 93. The question is common to the road and bridge taxes in all of the towns, and that is the validity of the consent of the board of town auditors to the levy of an additional rate of sixteen cents on the $100. In the case of each township the permission was given, if at all, on the first Tuesday of September. It was contended that the law required the consent to be given before the first Tuesday in September and the consent given on that date was void. Section 56 of the Road and Bridge act prohibited the extension of a tax at a rate greater than fifty cents on the $100 unless before the first Tuesday in September the board of highway commissioners of the town should have secured the consent, in writing, of a majority of the members of the board of town auditors to the extension of a greater rate, and in such case limited the rate which might be extended to sixty-six cents on each $100. We held in *People v. Chicago and Eastern Illinois Railway Co.* 306 Ill. 402, that this section authorizes the consent of the board of town auditors to be given on the first Tuesday

of September before the making of the levy for the additional amount. The law at that time authorized no other meeting at which consent could be given, but by an act of the legislature approved on June 30, 1923, the Township Organization law was amended to provide for meetings of the board of town auditors at such other times than those provided by law as they might determine and for the calling of meetings by the town clerk upon the request of the supervisor or any two members of the board. It is contended that since this change in the time of meetings of the board, the consent of the board of town auditors required by section 56 to be given upon the first Tuesday of September is no longer sufficient authority for the levy of the additional tax but the consent must be given before that day. The statute, as construed in the case cited, provided that the consent of the town auditors must be given at the meeting authorized to be held on the first Tuesday in September. That statute has not been changed. It can be changed only by the legislature, and the legislature can change it only by expressly repealing or amending it or by repealing or amending it by implication through the enactment of legislation so inconsistent with it that both it and the subsequent legislation cannot be in force. Section 56 of the Road and Bridge law is the same to-day as it was when *People* v. *Chicago and Eastern Illinois Railway Co. supra,* was decided, in February, 1923, and has the same meaning. That case construed the law, and determined that the intention of the legislature, taking into consideration previous legislation, the purpose of the provision and the existing circumstances, was to require the consent to be obtained on the first Tuesday of September before the making of the levy for the additional amount. That must still be regarded as having been the intention of the legislature. It cannot be held otherwise because of any subsequent occurrence. There has been no express amendment of the section. The amendment of the Township Organization

law to provide for special meetings of the board of town auditors cannot be held to be an implied amendment. A statute which authorizes certain action by an official body at a meeting authorized by law to be held at a certain time is in no respect repugnant to a subsequent statute which authorizes the holding of other meetings at other times but does not revoke the previous authority. Since a repeal or amendment by implication can only occur where the terms of the later statute are so repugnant to the earlier that both cannot stand, section 56 remains in force and expresses the same legislative intention as before the passage of the act of 1923 amending the Township Organization law.

It is argued that by the amendment of the Township Organization law the reason requiring the construction given to section 56 of the Road and Bridge act is no longer necessary and that the provision in regard to the time when consent must be procured must now be strictly construed and enforced. The intention of the General Assembly which passed the law is not affected by the act of a subsequent General Assembly. If the latter had supposed that because of its actions the statute as construed by the court should be changed it could easily have changed it. The court can not. Whether the board of town auditors may consent to the additional tax at a special meeting before the first Tuesday in September is not presented on this record and is not decided. It may do so on the first Tuesday.

As to four of the five townships, a further question arises as to the right to amend the record of the meeting of the board of town auditors as made by the town clerk. The action of the board, as stated in *People* v. *Chicago and Eastern Illinois Railway Co. supra,* can be shown only by the record of its proceedings which the law requires to be kept by the town clerk. When the records of the various town clerks were offered in evidence and produced it was found that they were defective in various ways. In some cases they failed to show that the consent was actually given or

a vote was taken for that purpose. In some cases the record did not show that the consent was asked or given for the additional levy. In one case the consent was asked for the levy of a certain amount, the consent given was for the levy of that amount and the extension of an additional rate of sixteen cents on the $100. When the records were found to be insufficient, evidence was introduced to show by the participants in the meeting what actually occurred and that the request was made by the highway commissioner for consent to the additional levy and written consent was given by a majority of the board. On motion to amend the records the court in each instance permitted the record to be amended so as to show a compliance with the statute and the amended record to be introduced in evidence. Section 191 of the Revenue act provides that any irregularity or informality in any of the proceedings connected with the assessment or levy of taxes, or any omission or defective act of any officer connected with such assessment or levy of taxes, may, in the discretion of the court, be corrected to conform to law by the court, or by the person, in the presence of the court, from whose neglect or default the same was occasioned. We have held in many cases that parol evidence of what occurred at the meetings of taxing bodies may be admitted, and the officers charged with the keeping of the records of such meetings may be permitted, in the presence of the court, to amend the records in accordance with the facts shown by the evidence. (*People* v. *Illinois Central Railroad Co.* 271 Ill. 213; *People* v. *Wabash Railroad Co.* 265 id. 588; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 212 id. 518, and 206 id. 565; *Chicago and Northwestern Railway Co.* v. *People,* 184 id. 240, and 174 id. 80.) The action of the court in permitting the amendment of the records and receiving them in evidence as amended was in accordance with section 191 of the Revenue act. The objections to the road and bridge taxes were properly overruled.

In regard to the school tax, it appeared that a meeting of the school directors was held on August 6, which was the first Monday in the month, at which two of the directors were present and made a levy of $5000 for school purposes and $500 for building purposes. The other director was the clerk of the board, who was not present at the meeting, but on his return he was given a copy of the record by the other directors and he copied it into the record at the request of the other directors. On August 11 the other directors made the certificate of levy and on August 13 it was filed with the county clerk. There is no evidence that it was ever filed with the town treasurer, as required by section 190 of the School law. Before the amendment of the law in 1909 it was held that the certificate of the levy of the tax by the directors was the levy and that the certificate must be signed by the directors at a meeting of the board within the time fixed by law for making the levy, that a resolution showing the ascertainment of the amount required was unnecessary, and that a failure to file the certificate made the tax void. The amendment of 1909, however, changed the law in this particular, and it was afterward held that the levy was the act of the board of directors at their meeting and that the certificate of levy was merely the evidence of a levy on which the county clerk should extend the tax. (*People* v. *Cox,* 301 Ill. 130; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 310 id. 428.) The law requires the levy to be made on or before the first Tuesday of August. This was done at the meeting of the directors on the day before the first Tuesday in August. The certificate itself was made by the directors on August 11 and filed with the county clerk on August 13, which was the second Monday and one day before the time when the law requires it should be filed. Section 190 of the School law expressly provides that the failure to file the certificate with the township treasurer or the failure of the treasurer to file it with the clerk shall not render the

tax void. The objection to the school tax, also, was therefore properly overruled.

The judgment will be affirmed.          *Judgment affirmed.*

Mr. JUSTICE STONE, dissenting.