(No. 16425.—Reversed and remanded.)

THE PEOPLE *ex rel.* Charles H. Eastman, County Collector, Appellant, *vs.* THE CHICAGO AND IOWA RAILROAD COMPANY *et al.* Appellees.

*Opinion filed December 16, 1924.*

TAXES—*when consent may be obtained for additional town road and bridge tax.* Consent to the levy of an additional town road and bridge tax is sufficient when obtained on the first Tuesday in September and prior to the levy of the tax. (*People* v. *Illinois Central Railroad Co.* 314 Ill. 339, followed.)

APPEAL from the County Court of Lee county; the Hon. JOHN B. CRABTREE, Judge, presiding.

MARK C. KELLER, State's Attorney, E. E. WINGERT, and W. H. WINN, for appellant.

HENRY S. DIXON, GEORGE C. DIXON, and SHERWOOD DIXON, (J. A. CONNELL, and C. S. JEFFERSON, of counsel,) for appellees.

Per CURIAM : The county court of Lee county sustained objections of the appellees to the road and bridge taxes of the towns of Willow Creek, Brooklyn, Lee Center, Amboy and Marion, in that county, so far as the same were extended against their properties over and above the sum of fifty cents per $100 valuation, and the collector has appealed.

In each of the above towns the board of town auditors met officially on the first Tuesday of September, 1923, and consented that the highway commissioners in the respective towns levy an additional sixteen cents per $100 assessed valuation for road and bridge purposes. The objection is that under section 56 of the Road and Bridge act (Smith's Stat. 1923, p. 1796,) it was necessary that the meeting of the board of town auditors be held and its written consent signed before the first Tuesday in September, 1923. For

the reasons given in *People* v. *Illinois Central Railroad Co.* 314 Ill. 339, the objection should have been overruled.

The judgment is reversed and the cause is remanded to the county court of Lee county, with directions to sustain the tax.     *Reversed and remanded, with directions.*