THE PEOPLE ex rel. Charles H. Kjellquist, County Collector, Appellant, vs. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Appellee.

*Opinion filed June 16, 1926.*

1. TAXES—*what constitutes the levy of a school tax.* The making of the certificate of the levy of a school tax does not constitute the levy of the tax, but the levy is the action of the school board in determining the amount necessary to be raised for the ensuing year, and the certificate is merely evidence of the board's action and is the authority of the county clerk to extend the tax.

2. SAME—*non-high school tax must be levied on or before first Tuesday in October.* The school tax in a non-high school district must be levied on or before the first Tuesday in October or the tax will be void, as the statute is mandatory; and the provision that failure to certify and return the certificate of tax levy to the county clerk in the time required by statute. shall not vitiate the tax has no application where the levy is not made in the time required.

3. SAME—*act of 1925 cannot validate tax not levied in required time.* The act of 1925 (Laws of 1925, p. 565,) cannot validate a school tax not levied in the time required by statute, as the tax in such case is void and the legislature has no power to validate it by a curative act.

4. SAME—*when consent to additional town road and bridge tax must be obtained.* Consent to the levy of an additional town road and bridge tax, under section 56 of the Road and Bridge act, must be obtained at the regular meeting of the town auditors on the first Tuesday in September before the making of the levy; and this construction of the statute is not affected by the amendment of 1923 to the Township Organization act, providing for the holding of special meetings by the board of town auditors.

5. STATUTES—*validating act cannot cure want of power to act.* The power of the legislature to validate by curative act any proceeding which it might have authorized in advance is limited to the case of the irregular exercise of power, and such statute can not cure the want of power to act.

APPEAL from the County Court of Winnebago county; the Hon. FRED E. CARPENTER, Judge, presiding.

WILLIAM D. KNIGHT, State's Attorney, and ALFRED B. LOUISON, for appellant.

WELSH & WELSH, (C. S. JEFFERSON, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The county court of Winnebago county sustained the objections of the Chicago, Milwaukee and St. Paul Railway Company to the application of the county collector for judgment against its property for delinquent taxes for the year 1924, and the county collector has appealed in the name of the People.

The first objection was to the non-high school tax of the Winnebago County Non-High School District, and is to the effect that the said tax is null and void because the levy thereof was not made or attempted to be made on or before the first Tuesday in October, 1924, but was made or attempted to be made subsequent to said date. The undisputed facts are, that the non-high school district board of education met and levied and certified the school tax on October 17, 1924, ten days after the first Tuesday in October of that year, which was on October 7. Section 94 of the Schools act provides that the board of education of a non-high school district shall have the power to levy a tax annually upon all the taxable property of such non-high school district, and that such tax levy shall be certified and returned to the county clerk on or before the first Tuesday in October; that the certificate shall be signed by the president and secretary of the board, and that a failure to certify and return the certificate of tax levy to the county clerk in the time required shall not vitiate the assessment. The legal effect of this section is that the levy of the tax must be made on or before the first Tuesday in October, because it is very apparent that in contemplation of law the levy

must be first made before it can be certified by the officers as above provided. It has been repeatedly held by this court that the making of the certificate of the tax levy is not the levy, but that the levy is the action of the school board in determining the amount necessary to be raised for the ensuing year, and that the certificate is evidence of the board's action and is the authority of the county clerk to extend the tax. (*People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 312 Ill. 218; *People* v. *Wabash Railway Co.* 296 id. 518; *People* v. *Chicago and Eastern Illinois Railway Co.* 313 id. 361; *People* v. *Illinois Central Railroad Co.* 314 id. 339.) The provision of the statute that the tax must be levied on or before the first Tuesday in October is mandatory, and the levy not having been made until ten days after the first Tuesday in October is void.

The language in the statute that a failure to certify and return the certificate of tax levy to the county clerk in the time required shall not vitiate the assessment does not mean that the levy is not vitiated if not made in the time required by the act. This statute is analogous to section 190 of our Schools act, which provides that the board of directors or board of education of each district shall ascertain, as nearly as practicable, annually, how much money must be raised by special tax for educational and for building purposes for the next ensuing year, and that such amounts shall be certified and returned to the township treasurer on or before the first Tuesday in August, annually; that the township treasurer shall return the certificate to the county clerk on or before the second Monday of August, and that a failure by the school board to file the certificate or of the treasurer to return it to the county clerk in the time required shall not vitiate the assessment. The holding of this court in construing that statute was to the effect that the taxes must be levied by the school board on or before the first Tuesday in August or the levy will be void, and for the same reason the levy of the school tax in this case is void. *People* v.

*Chicago, Milwaukee and St. Paul Railway Co.* 313 Ill. 249, and 310 id. 508.

It is further contended that the validating act of 1925 (Laws of 1925, p. 565,) had the effect to make valid the school tax in question. The power of the legislature to validate by curative law any proceedings which it might have authorized in advance is limited to the case of the irregular exercise of power. It cannot cure the want of power to act. (*People* v. *Wisconsin Central Railroad Co.* 219 Ill. 94; *People* v. *Illinois Central Railroad Co.* 310 id. 212.) A tax levied which is not authorized by law is illegal and the legislature cannot validate it by a curative act. (*People* v. *Bell,* 309 Ill. 387.) The validating act aforesaid attempts to validate the levy as well as the return of the certificate to the clerk. This is equivalent to levying a tax by the curative act,—a thing the legislature has no power to do. *People* v. *Wabash Railway Co.* 311 Ill. 579; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 312 id. 218.

Section 56 of the Road and Bridge act provides that the county clerk shall not extend against the taxable property of any town or road district a rate in excess of fifty cents on each $100 valuation unless before the first Tuesday in September the board of highway commissioners of the town shall have secured the consent, in writing, of a majority of the members of the board of town auditors to the extension of a greater rate, and in such case the rate shall not exceed that approved by a majority of the members of the board of town auditors, and in no case shall it exceed sixty-six cents on each $100 valuation of the taxable property of the town. This court has held that the intention of the legislature in said section was to require the consent of the board of town auditors before the additional amount aforesaid could be levied and to authorize the additional levy upon such consent previously obtained, but that a literal application of the language used in that act would deprive the whole provision for the additional levy of any

force; also, that the intention of the legislature could be effected by requiring the consent to be obtained on the first Tuesday of September before the making of the levy for the additional amount. We further held in that case that it was the meaning of the act that the consent of the town auditors in writing was to be given, if at all, on the first Tuesday in September before the levy was made and at the meeting of the town auditors regularly held on that day. That decision expresses correctly the law of the case now in hand, and the reason for that decision (*People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402,) has been frequently expressed therein and in other subsequent decisions on the question, and further elaboration is not necessary.

The contention that the amendment of 1923 providing for the holding of special meetings by the board of town auditors requires a different holding has been fully considered by this court and the contention was overruled. (*People* v. *Illinois Central Railroad Co.* 314 Ill. 339; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 314 id. 378, and 319 id. 415.) These three cases have been followed by other cases, and the reasons for the holdings have been fully expressed.

The court properly sustained objections to the taxes in all of the said road districts and properly refused to allow the record of the town of Owen to be amended, as the amendment offered would have still showed that the consent of the town auditors to the levy of the excess tax aforesaid was made prior to the first Tuesday of September.

For the foregoing reasons the judgment of the court is affirmed. *Judgment affirmed.*