The county court of Crawford county overruled the objections of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company to the application of the county collector for judgment against its property for delinquent taxes for the year 1924, and the railway company has appealed. *Page 497 
The tax for which judgment was rendered against appellant's property was that portion of the road and bridge tax over and above fifty cents on each $100 assessed valuation in the towns of Hutsonville, LaMotte, Honey Creek and Montgomery. Appellant objected to these taxes in every one of the towns aforesaid on the ground that in all of the towns the collector extended a rate of sixty-six cents on each $100 of assessed valuation, of which rates sixteen cents was levied and extended on the authority of a written consent given by the board of town auditors of said towns on a date prior to the first Tuesday in September, at special meetings of said boards held before the first Tuesday in September. The record shows that the consent of the town auditors to levy an additional road and bridge tax was given at special meetings held on the following dates: In Hutsonville township, September 1; in LaMotte township, August 25; in Honey Creek township, August 30; and in Montgomery township, September 1. The first Tuesday in September, 1924, the year the levies were made, was on September 2.
Section .56 of the Road and Bridge act provides that the county clerk shall not extend against the taxable property of any town or road district a rate in excess of fifty cents on each $100 valuation of the taxable property of the town or district unless before the first Tuesday in September the board of highway commissioners of the town shall have secured the consent in writing of a majority of the members of the board of town auditors to the extension of a greater rate, and in such case the rate shall not exceed that approved by a majority of the members of the board of town auditors, and in no case shall it exceed sixty-six cents on each $100 valuation of the taxable property of the town.
In People v. Chicago and Eastern Illinois Railway Co.306 Ill. 402, this court held that the intention of the legislature in the said act was to require the consent of the *Page 498 
board of town auditors before the additional amount aforesaid could be levied and to authorize the additional levy upon such consent previously obtained, but that a literal application of the language used in that act would deprive the whole provision for the additional levy of any force. Also, that the intention of the legislature could be effected by requiring the consent to be obtained on the first Tuesday of September before the making of the levy for the additional amount. We therefore in that case held that it was the meaning of the act that the consent of the town auditors in writing was to be given, if at all, on the first Tuesday in September before the levy was made and at the meeting of the town auditors regularly held on that day. That decision expresses correctly the law of the case now in hand, and the obvious reason for that decision has been frequently expressed in that and other subsequent decisions on the question and elaboration here is not necessary.
The contention that the amendment of 1923 providing for the holding of special meetings by the board of town auditors requires a different holding at this time is not tenable. This amendment and that contention was fully considered in the cases of People v. Illinois Central Railroad Co. 314 Ill. 339, andPeople v. Chicago, Milwaukee and St. Paul Railway Co.
314 id. 378, and this court held that the amendment providing for special meetings of the board of town auditors did not have the effect to change the meaning of section 56 of the Road and Bridge act as interpreted in the case of People v. Chicago andEastern Illinois Railway Co. supra. These latter two cases have been followed by other cases decided by this court, including the case of People v. Chicago, Milwaukee and St. PaulRailway Co. 319 Ill. 415, in which cases the subject is fully discussed. No further discussion is necessary in this case.
For the reasons aforesaid the judgment of the court is reversed.
Judgment reversed. *Page 499