The county court of Vermilion county overruled the objections of the appellant, Chicago, Lake Shore and Eastern Railroad Company, to the road and bridge taxes of the towns of Catlin, Pilot, Jamaica and Newell and rendered the usual judgment for the taxes.
The levy for the towns of Catlin, Pilot and Newell was in each of said towns in excess of fifty cents on the $100 assessed valuation. The excess levies in said towns were objected to on the ground that the consent of a majority of the board of town auditors to such levies was not obtained *Page 160 
by the highway commissioners in said towns prior to the first Tuesday in September, 1923. It is admitted that such consent was obtained by the highway commissioners in each of the towns on the first Tuesday in September, 1923. — Under the holdings of this court such consent was obtained on the proper day, and the county court properly overruled the objection. People v.Illinois Central Railroad Co. 34 Ill. 339; People v. Cleveland,Cincinnati, Chicago and St. Louis Railway Co. id. 455.
The said taxes of all four of the towns aforesaid were objected to on the further ground that the levies in said towns were made in lump sums, contrary to the statute, which requires the amounts for the construction of roads, the maintenance of roads, the construction of bridges, the maintenance of bridges, the purchase of machinery, the repairs to machinery, the oiling of roads and the prevention and extirpation of weeds to be stated separately. The levy in none of these towns was itemized as aforesaid, as required by the statute. Upon the hearing appellee was allowed by the county court, over appellant's objection, to amend the records of the meeting of the highway commissioner and board of town auditors of each of the four towns to show the purposes for which the road and bridge taxes had been levied and the amount levied for every purpose aforesaid. Whether or not the evidence was sufficient to warrant allowance of these amendments is immaterial, since no amendment of the certificate of levy was attempted to be made in compliance with section 56 of the Roads and Bridges act. It is the certificate of levy that is required to state separately the purposes for which the tax is levied and the amount levied for each purpose, and the county court should have sustained the objection to the tax in all four of said towns.People v. Cleveland, Cincinnati, Chicago and St. Louis RailwayCo. supra; People v. Wabash Railway Co. 316 Ill. 403.
The judgment of the county court is reversed.
Judgment reversed. *Page 161