The People *ex rel.* W. R. Browning, County Collector,

*v.*

St. Louis, Alton and Terre Haute Railroad Co. *et al.*

*Opinion filed October 23, 1907.*

1. Taxes—*when board of review has no power to increase assessment.* In the years intervening the years of the general assessment the board of review has no power to increase the assessed value of real estate, except where buildings or other improvements have been placed upon the land after April 1 of the year of the general assessment.

2. Same—*board of review cannot increase assessment because of increased value of coal under land.* In the years intervening the years of the general assessment the board of review has no power to increase the assessed value of real estate because of the alleged increase of the value of coal and minerals underlying the land, due to the opening of a mine upon other land in the vicinity.

3. Same—*when a tax levy ordinance is void.* A tax levy ordinance passed before the appropriation ordinance has become effective by publication for the statutory period is void.

4. Same—*when school tax for building purposes is not invalid.* A school tax levied for building purposes to an amount in excess of the only bond for building purposes outstanding is not invalid as to the excess, in the absence of evidence that the bond was the only indebtedness incurred for building purposes.

Appeal from the County Court of Franklin county; the Hon. W. F. Slater, Judge, presiding.

William P. Seeber, State's Attorney, (C. H. Layman, and T. J. Layman, of counsel,) for appellant.

W. S. CANTRELL, (W. W. BARR, of counsel,) for appellee the railroad company.

HART & WILLIAMS, for other appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the June term, 1906, of the county court of Franklin county, the county collector made application for judgment and order of sale against the lands of the several appellees herein for delinquent taxes assessed for the year 1905. Numerous objections were filed, which were heard together and sustained and judgment denied in each case, from which judgment an appeal has been prosecuted to this court by the People.

One objection is common to all the appellees except the railroad company, and, since it is vital, it alone, aside from those peculiar to the railroad company, will be considered. The lands of these appellees were assessed in 1903. In 1905 the board of review increased the assessment of appellees' lands on account of the supposed increase in value of the coal and mineral underlying them by reason of a mine having been located on other land in the vicinity. In the case of *Crozer* v. *People,* 206 Ill. 464, it was held that the board of review is without authority, in the years intervening the years of the general assessment, to increase the assessed value of real estate, except in instances where new or added buildings, structures or other improvements of some kind shall have been placed upon the real estate after April 1 of the year of the general assessment. That case is conclusive of the question here, and there was therefore no error in sustaining this objection.

The St. Louis, Alton and Terre Haute Railroad Company objected to the road and bridge tax of the town of Benton because it is said to be five cents on the $100 in excess of the rate allowed by law. If such is the case the evidence of the fact has not been preserved. The value of objector's

right of way is not shown, and the county clerk testified that
the amount of road and bridge tax levied by the commis-
sioners was forty-five cents. He did not testify what amount
or what rate was extended. The commissioners' certificate
of levy does not appear in the record. It does not appear
whether the town was under the cash system or under the
labor system. If under the former, a levy of sixty cents on
the hundred dollars was authorized; if under the latter, a
levy of eighty cents might be made under certain conditions,
the existence or non-existence of which is not shown. It is
impossible to tell from this record what rate was extended,
and the *prima facie* case made by the collector's delinquent
list was not overcome.

The railroad company also objected to the city tax of
the city of Benton for the purpose of paying bonds and in-
terest. The county clerk testified that he extended the tax
for the purpose of paying bonds and interest of the city of
Benton by authority of an ordinance passed January 4, 1893,
providing for the purchase by the city of an electric light
plant for $5000 and the issuance of bonds for the payment
therefor, and purporting to levy, for the payment of such
bonds and the interest thereon, a tax in each year for fifteen
years, the amount for the fiscal year beginning June 1, 1905,
being $590. The delinquent list shows no city tax "for the
purpose of paying bonds and interest," but only "city tax of
Benton, $100.95." Counsel for the railroad company say
in their argument that the county clerk extended $2 on each
$100 valuation to raise the amount levied by the annual ap-
propriation bill, and $1.50 on each $100 to pay bonds. It
does not so appear in the record. The delinquent list shows
an unpaid city tax against the regularity of the levy of which
nothing is shown. No judgment is asked for any tax to pay
bonds or interest. The objection to this tax should there-
fore have been overruled.

Objection is made to the village tax of the village of
Thompsonville, $63.97, for the reason that the original, and

not a certified copy, of the levy ordinance was filed with the county clerk, and that there was no appropriation ordinance in force when the levy ordinance was passed. The appropriation ordinance was passed and approved August 7, 1905, but was not published until August 11. The levy ordinance was passed August 11, 1905. There was therefore no appropriation ordinance in force when the tax levy ordinance was passed, and in consequence the latter was void. (*People* v. *Florville*, 207 Ill. 79.) The objection to the village tax of Thompsonville was properly sustained.

The directors of school district No. 70 certified that they required $340 for building purposes, and it is objected to this tax that only one bond, amounting, with interest, to $212, was outstanding, and for the excess above that amount the levy was without authority of law. Counsel says in his brief this tax was levied for paying this one bond, but this statement cannot be accepted as evidence. While this was the only bond outstanding, the record contains no evidence that there was no other indebtedness incurred for building purposes. The directors had no authority to build a school house without a·vote of the district, but they were not required to submit to the voters the cost of the building to be erected, and if the amount of the bonds issued did not equal the cost of the building, a levy for building purposes to make up the difference is valid. (*People* v. *Chicago and Northwestern Railway Co.* 186 Ill. 139; *People* v. *Peoria and Eastern Railway Co.* 216 id. 221.) This objection should have been overruled.

The judgment of the county court is affirmed in all things except as to the road and bridge tax of the town of Benton, the city tax of the city of Benton and the school tax of district No. 70, as to which the judgment is reversed and the cause remanded.    *Reversed in part and remanded.*