THE PEOPLE *ex rel.* O. B. Wysong, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*when reasons for an additional road and bridge tax are sufficient.* If the reasons certified by the highway commissioners to the board of town auditors and the assessor for an additional road and bridge tax are deemed sufficient by such board and the assessor to justify their consent to the levy, the reasons so certified will be regarded as sufficient by the courts.

2. SAME—*when a levy for contingent and general expenses is too large.* An inconsiderable amount may be levied by a town under the general designation of "contingent and general expenses," but an item of $260 for contingent and general expenses out of a total levy of $1600 for all town purposes is too large and will not be sustained.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

GEORGE B. GILLESPIE, (R. J. CARY, REARICK & MEEKS, HILL & BULLINGTON, and GILLESPIE & FITZGERALD, of counsel,) for appellant.

JOHN H. LEWMAN, State's Attorney, (H. A. SWALLOW, and C. M. CRAYTON, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application for judgment and order of sale against the property of the appellant for the following taxes levied against its property for the year 1911, viz.: Road and bridge tax in the town of Danville, $78.65; road and bridge tax in the town of Oakwood, $238.34; road and bridge tax in the town of Catlin, $19.67, and town tax of the town of Oakwood, $15.25. The appellant appeared and filed objections to the rendition of judgment and order of sale against its property, which were overruled and judgment was rendered, and it has prosecuted this appeal.

The objections to the road and bridge taxes in the towns of Danville, Oakwood and Catlin are, that in the town of Danville an additional levy of five cents on the $100, in the town of Oakwood an additional levy of twenty-five cents on the $100 and in the town of Catlin an additional levy of twenty-five cents on the $100 were made under section 14 of the Road and Bridge act, in addition to a levy of thirty-six cents on the $100 made under section 13 of said act in each of said towns, and that the reasons certified by the highway commissioners for the needs of such additional levies were not sufficient. The reasons assigned in the town of Danville were as follows: "For opening a new road at Atherton cemetery, $1000; a new bridge on Georgetown road, $1000; a new bridge on Jones road, $1000; a new bridge on Hungry Hollow road, $1000; a new bridge on Batestown road, $500, and a new bridge on Leverich road, $300." The reason assigned in

the town of Oakwood was, "for the purpose of construct-
ing a bridge and approaches at Chaney ford, on Salt creek,"
and the reason assigned in the town of Catlin was, "for
building a bridge at Sugar Grove school house and Butler
branch, and for liquidating ditch damages." The several
reasons specified for an additional levy under section 14
of the Road and Bridge act, as amended, were sufficient,
and the county court did not err in overruling the objec-
tions to the road and bridge taxes in the towns of Dan-
ville, Oakwood and Catlin. *People* v. *Cairo, Vincennes
and Chicago Railway Co.* (*ante,* p. 286;) *People* v. *Cleve-
land, Cincinnati, Chicago and St. Louis Railway Co.* (*ante,*
p. 423.)

The objection urged against the town tax in the town
of Oakwood was, that out of a total tax levy for that
township of $1600, a levy of $260 was made for contin-
gent and general purposes. In *People* v. *Chicago, Burling-
ton and Quincy Railroad Co.* 253 Ill. 100, it was said
that under the former decisions of this court a tax levy
for contingent and general expenses was invalid, but that
under the later decisions of this court an inconsiderable
amount could be levied for contingent and general ex-
penses under such general designation; that to permit a
taxing body to levy one-eighth or one-ninth of the entire
tax levied in the municipality for a year for contingent
and general expenses would be to permit a taxing body to
include matters in a tax levy which were not authorized
by law, and that the courts should only approve such gen-
eral tax levies for a small amount when compared with the
entire tax levy. In this case the amount levied for con-
tingent and general expenses is sixteen per cent of the en-
tire tax levy. We are of the opinion, therefore, that the
amount levied for contingent and general expenses was
far too large an amount and that such tax levy cannot be
sustained.

The judgment of the county court as to the road and bridge taxes in Danville, Oakwood and Catlin townships will be affirmed, and its judgment for a town tax of $15.25 in Oakwood township levied for contingent and general purposes, and from which the appeal was prosecuted, will be reversed and the cause will be remanded.

*Affirmed in part, reversed in part and remanded.*