THE PEOPLE *ex rel.* Claude Shafer, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1925.*

TAXES—*record of levy of county tax may be amended to show an aye and nay vote.* A record of the levy of a county tax which shows only the presentation of the report of the finance committee to the board of supervisors and does not show that any action was taken, may, upon the testimony of the county clerk, the chairman and a member of the board that the report was adopted by all members voting yea upon a roll call, be amended in accordance with a memorandum of the vote which was kept by the county clerk but which he had failed to incorporate in the record.

APPEAL from the County Court of Richland county; the Hon. DONOVAN D. McCARTY, Judge, presiding.

JOHN LYNCH, (JOHN G. DRENNAN, of counsel,) for appellant.

JAMES C. HOWARD, State's Attorney, (JOHN A. MAC-NEIL, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

September 9, 1924, the finance committee of the county board of Richland county made its report to the board stating the amount of all county taxes to be raised, stating separately the amount for each purpose. The record of the board showed the presentation of the report, but it did not show that any action was taken on the report. Appellant refused to pay the tax for general county purposes extended against its property, the tax was returned delinquent, and application for judgment was made in the county court by the county collector. Appellant filed objections, setting forth that the record of the county board did not show

that the county tax was levied by an aye and nay vote of the county board or by any other action.   On the hearing the county collector produced the county clerk and the chairman and a member of the county board.   These witnesses testified that there was a motion made to adopt the report of the finance committee and to levy the tax recommended for general county purposes, that the roll was called on the motion, and that all the members present voted yes. · Thereupon a motion was made to amend the record of the board, and the court directed the clerk of the board, who had on the day the vote was taken kept a memorandum of the vote but who had failed to record the vote in the records of the board, to supply the omitted portion of the record. This was done, and the record as amended shows that the tax was levied as the law required.   Thereupon the objection was overruled and judgment entered.   This appeal followed.

Appellant contends that the testimony of the clerk and the members of the county board is incompetent and that the court has no authority to permit the clerk of a body to supply a record.   Every contention of appellant has been answered repeatedly.   (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 314 Ill. 455; *People* v. *New York Central Railroad Co.* id. 429; *People* v. *Payne,* 296 id. 236; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 id. 226; *People* v. *Illinois Central Railroad Co.* id. 213; *Chicago and Northwestern Railway Co.* v. *People,* 184 id. 240, and 174 id. 80.) These decisions are based upon section 191 of the Revenue act, which provides: "In all judicial proceedings of any kind, for the collection of taxes, * * * no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof; and any irregularity or informality * * * in any of

the proceedings connected with the assessment or levy of such taxes, or any omission or defective act of any officer or officers connected with the assessment or levying of such taxes, may be, in the discretion of the court, corrected, supplied and made to conform to law by the court, or by the person (in the presence of the court) from whose neglect or default the same was occasioned." It is clear that the default of the clerk of which complaint is made does not affect "the substantial justice of the tax," and if the evidence offered shows clearly that the tax was regularly levied, then no just reason appears why the record should not be made to speak the truth. The court did not abuse its discretion in permitting the amendment to be made to the record.

The judgment of the county court is affirmed.

*Judgment affirmed.*