THE PEOPLE *ex rel.* C. E. Walker, County Collector, Appellee, *vs.* THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant.

*Opinion filed February 18, 1926.*

1. TAXES—*general rule as to when tax record may be amended.* If, as a matter of fact, proper proceedings have been had for the levying of a tax but the clerk of the taxing body has failed to properly record the proceedings, it is proper to prove by competent evidence that proper proceedings were had, and if the evidence clearly shows that the proceedings were regular, the court may order the record amended so that it will speak the truth.

2. SAME—*when levy of county highway tax cannot be amended to show aye and nay vote.* Where the record shows a levy of the county highway tax by secret ballot of the supervisors, and the evidence is uncertain and contradictory as to whether or not a roll call was subsequently taken in which all the supervisors voted aye, as they did in the vote on the general county tax, and where the clerk testifies positively that no aye and nay vote was taken on the highway tax, the record of the levy of the highway tax cannot be amended to show an aye and nay vote.

APPEAL from the County Court of Shelby county; the Hon. WILLIAM C. KELLEY, Judge, presiding.

W. L. KELLEY, C. E. POPE, and H. F. DRIEMEYER, for appellant.

ROBERT I. PUGH, State's Attorney, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment of the county court of Shelby county overruling the objection of appellant to the county highway tax, amounting to $1221.80.

The objections originally filed were to all of the county taxes, the ground of objection being that the record of the board of supervisors did not show that the levies were ordered by aye and nay vote. On the trial the record of

the board of supervisors was produced, and it showed the adoption of the report of the finance committee recommending that general county taxes be extended at the maximum rate of fifty cents by *viva voce* vote and the report of the road and bridge committee recommending the levy of a county highway tax at the maximum rate of twenty-five cents by a secret ballot, the result being eighteen for levying the tax and seven against it. After hearing evidence the court permitted an amendment of the record. Appellant concedes that the evidence warranted the amendment with respect to the general county tax but contends that the court erred in permitting the amendment with respect to the county highway tax.

The county clerk testified that he was present at the meeting of the board of supervisors and acted as clerk of the same; that he kept minutes of the proceedings and that what is shown by the record actually occurred; that the omission in the record with respect to the county tax occurred by reason of a reconsideration of the vote on that tax, and that the record, as written, does not state all the proceedings that were had. When the report of the finance committee was presented it was adopted unanimously by a *viva voce* vote. Just before adjournment supervisor Eddy called the attention of the board to the statute requiring an aye and nay vote, and thereupon the clerk called the roll, and the report of the finance committee was unanimously adopted by all the supervisors voting aye. With respect to the county highway tax the clerk testified that when the report of the road and bridge committee was offered a secret ballot was requested; that slips of paper were distributed and each supervisor voted on the adoption of the report; that the ballots were collected and counted and that he kept tally on the vote. He produced his memorandum showing eighteen votes "aye" and seven votes "nay." He is positive that no other vote was taken on the question.

Nine members of the board of supervisors testified. A member of the road and bridge committee stated that the vote on his committee's report was taken secretly, because some of the members thought that it would not be approved if an aye and nay vote were taken; that there had been considerable argument whether such a tax should be levied, and that it was agreed to vote secretly so that it would not be announced how each member voted. Other members of the board of supervisors who testified, stated that the ballot with respect to the county highway tax was taken secretly, but some were just as positive that no secret ballot was taken on the question. Some testified that after supervisor Eddy called attention to the omission of the roll call a separate roll call was had on the report of the finance committee and the report of the road and bridge committee, but most of the witnesses were certain that but one roll call was had. Some of the witnesses stated that this roll call was limited to the finance committee resolution, and some stated that the roll call included all taxes levied for all county purposes. Some of the witnesses were under the impression that the finance committee's report included the county highway tax as well as all other county taxes, but the record of the board shows that they were mistaken in this. There is but one point on which all witnesses agree, and that is, that after supervisor Eddy made his motion that a roll call be had there was a roll call and every supervisor voted aye.

Section 191 of the Revenue act makes liberal provision for the correction of irregularities and omissions in proceedings connected with the levying of taxes which do not affect the substantial justice of the tax. If, as a matter of fact, proper proceedings have been had for the levying of a tax and the clerk has failed to properly record the proceedings, it is proper for the public authorities to prove by competent evidence that proper proceedings were had, and if the evidence offered shows clearly that the proceed-

ings were regular, the court has authority to order the record amended so that it will speak the truth. It is not proper, however, to change the record to say that certain action was taken when it was not, in fact, taken, nor is it proper to amend the record where the parol testimony offered is uncertain and contradictory. The evidence in this record falls far short of being clear and satisfactory. Not a single witness testified positively that the question of levying the county highway tax was submitted to the county board as a distinct proposition and a roll call had thereon. Two or three witnesses testified that it was their understanding that the aye and nay vote taken included the county highway tax but that they did not know whether that was the understanding of all the twenty-five members of the board. The strongest statement made by any witness on the question of whether an aye and nay vote was taken on the county highway tax is, that according to his recollection he had an understanding at the time that such a vote was being taken. It is not reasonable to conclude that the board would vote unanimously in favor of levying a county highway tax on a roll call when on a secret ballot there were seven against the tax, and when it was the opinion of some of the board that the resolution to levy the tax would be defeated if the vote were not taken by secret ballot. The county clerk, who kept the minutes of the proceedings, testified positively that an aye and nay vote was not taken on the county highway tax. The court erred in permitting the amendment to be made.

The judgment overruling the objection to the county highway tax is reversed and the cause is remanded to the county court of Shelby county. *Reversed and remanded.*