The People *ex rel.* Roy J. Stewart, County Collector, Appellee, *vs.* The Chicago, Milwaukee and St. Paul Railway Company, Appellant.

*Opinion filed June 22, 1927.*

1. Taxes—*taxing bodies may amend their records.* The right of legislative or collective bodies to amend their records does not depend upon statute but is a right common to such bodies generally.

2. Same—*when county tax record may be amended to show aye and nay vote.* Although the record of the board of supervisors, when introduced in evidence in the county collector's proceeding, fails to show an aye and nay vote in the levy of a county tax, where the county clerk testifies that the roll was called and that he tabulated the result on a sheet of paper introduced in evidence, the record may be amended at the hearing to show the aye and nay vote, and the board of supervisors at a subsequent meeting prior to the final hearing in the collector's proceeding may amend its record to show the names of the supervisors voting on the tax levy although nearly two years have elapsed since the meeting at which the levy was made.

3. Same—*general rule as to when amendment of the tax record may be made under section 191 of Revenue act.* Under section 191 of the Revenue act, upon the application for judgment and order of sale of land for the non-payment of a delinquent tax, an amendment of the record may be allowed when there has been an attempt to comply with the law but which is ineffective because of some informality or default of the clerk of the taxing body not affecting the substantial justice of the tax.

4. Same—*burden is on the objector.* The burden is upon the objector to sustain his objection to a tax.

5. Same—*an unitemized levy for miscellaneous purposes should be small in proportion.* The tax-payer's right to have separately stated the purposes for which a tax is levied is a substantial right of which he cannot be deprived under the guise of possible needs of the municipality, and to justify the levy of a tax for contingent or miscellaneous expenses or for unitemized "town purposes" the sum so levied must be a very small proportion of the entire tax; and an unitemized levy of $300 for town purposes where the total tax levy of the town is $650 cannot be sustained.

6. Same—*when tax record may be amended.* Where the certificate of the levy of a school tax is dated August 6 and objection is made that it was not levied on or before the first Tuesday

in August as required by law, the clerk of the school board may be permitted to amend the record of the levy of the tax upon his testimony that a meeting was held at a certain date prior to the first Tuesday in August, at which certain amounts were decided upon for school purposes as shown by a record which he kept and which is introduced in evidence, as the date of the certificate does not necessarily indicate the time of the making of the levy.

7. SAME—*when a school tax record cannot be amended.* Although the certificate of the levy of a school tax need not be signed on the day the levy is made, the provisions of the statute concerning the time of making the levy are mandatory; and where the certificate is dated August 8 and objection is made that the levy was not made in the required time, the record cannot be amended on the testimony of the clerk of the school board that he and another director, "on the first or second day of August," agreed on the amount to be raised, subject to the approval of a third member, who was president of the board, as a tax record cannot be amended on uncertain testimony nor to show that action was taken which was not, in fact, taken.

8. SAME—*when certificate of school tax levy is insufficient.* A purported certificate of the levy of a school tax which merely certifies to the making of a resolution for issuing bonds and levying a direct annual tax to pay the same, subject to the approval and authorization of a majority of the votes cast at an election to be held in the district pursuant to law, is not sufficient authority to extend the tax where no further certificate is on file, as it fails to certify any final action of the board after a valid election favoring the proposition and the resolution certified to cannot be regarded as a completed tax levy.

APPEAL from the County Court of McHenry county; the Hon. CHARLES P. BARNES, Judge, presiding.

D. T. SMILEY, (C. S. JEFFERSON, of counsel,) for appellant.

ALFORD H. POUSE, State's Attorney, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The collector of McHenry county made applications at the June term of each of the years 1924 and 1925 of the county court of that county for judgment and order of sale

of lands returned delinquent for non-payment of taxes levied for the years 1923 and 1924. The Chicago, Milwaukee and St. Paul Railway Company filed objections to certain of these taxes. After postponements from time to time the applications were heard together on November 1, 1926. Of the objections two were sustained and seven were overruled. Judgment was rendered for the taxes found to be delinquent, the causes were consolidated for the purpose of a review, and this appeal by the railway company followed.

Appellant objects that the county tax for the year 1923 extended against its lands in the sum of $1416.59 is void because the report of the finance committee of the board of supervisors recommending the appropriations and tax levy was not adopted by an aye and nay vote, as required by section 54 of the County act as amended by act approved June 24, 1921. (Smith's Stat. 1923, p. 565.) The record of the meeting of the board of supervisors at which this particular county tax was levied, held in September, 1923, was introduced in evidence. It fails to show an aye and nay vote on the adoption of the finance committee's report or on any resolution making appropriations for county purposes. The county clerk, however, testified that the roll had been called upon the question of making those appropriations and that he had recorded the vote on a tabulation sheet designed to show how the members voted at meetings of the board of supervisors. On this sheet, which was introduced in evidence, appears the heading "Finance," with the words "Aye" and "Nay" under it. The numeral "1" is shown thirteen times on as many lines under the word "Aye." No marks appear in the "Nay" column, nor is the name of any supervisor written on the sheet. At a meeting of the board of supervisors held in March, 1925, a resolution was adopted by an aye and nay vote amending the record of the meeting of September, 1923. The record as amended shows the names of the thirteen supervisors who attended that meeting; that each voted aye upon the

question of the adoption of the finance committee's report
and that no vote was cast in the negative. H. M. Turner,
a supervisor who attended the meeting of September, 1923,
testified that the clerk called the roll of the members of
the board on the question whether the tax levy should be
adopted.

Appellant, however, insists that the amendment of the
record is ineffective because (*a*) there was a long lapse of
time between the meeting at which the tax was levied and
the meeting at which the record was amended; (*b*) the
amendment was made without notice or leave of court; and
(*c*) the evidence upon which it was made was insufficient
and afforded no foundation for that purpose. The right
of legislative or collective bodies to amend their records
does not depend upon statute but it is a right common to
such bodies generally. (*People* v. *Chicago and Eastern Illi-
nois Railway Co.* 314 Ill. 382; *People* v. *Ross,* 272 id. 285.)
The lapse of time between the making of the original rec-
ord and the amendment could easily be accounted for and
excused on the ground that the members of the board of
supervisors had no knowledge that the informality in the
original record would affect the validity of the tax. The
tabulation sheet, which purported to show, on a call of
the roll, the votes of the supervisors at their meeting in
September, 1923, in connection with the testimony of the
county clerk and supervisor Turner, afforded a sufficient
basis for an amendment showing that an aye and nay vote
had been taken. This evidence was admissible upon the
hearing of the objection whether the record was then
sought to be amended in court (*People* v. *Illinois Central
Railroad Co.* 319 Ill. 266,) or had previously been amended
by the board of supervisors. (*People* v. *Chicago and East-
ern Illinois Railway Co. supra.*) One of the purposes of
the third paragraph of section 191 of the Revenue act is
to provide that upon the application for judgment and
order of sale of land for the non-payment of a delinquent

tax, an amendment of the record may be allowed when there has been an attempt to comply with the law but because of some informality it is ineffective. (Smith's Stat. 1925, p. 2130; *People* v. *New York Central Railroad Co.* 314 Ill. 429.) The burden is upon the objector to sustain his objection to the tax. (*People* v. *Hassler,* 262 Ill. 133; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 290 id. 327; *People* v. *Hines,* 293 id. 419; *People* v. *Millard,* 307 id. 556; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 314 id. 378.) It is sufficiently clear that an aye and nay vote was taken at the meeting of the board of supervisors in September, 1923, and the county court properly overruled the objection to the county tax.

In each of the years 1923 and 1924 the tax levy of the town of Burton amounted to $650, of which $300 was for "town purposes." Two of appellant's objections, one in each year, were made to this portion of these tax levies. The item of $300 for town purposes out of a total levy of $650 renders nearly one-half of the tax unitemized. To justify the levy of a tax for contingent or miscellaneous expenses or for unitemized town purposes the sum so levied must be a very small proportion of the entire tax. (*People* v. *Wabash Railway Co.* 321 Ill. 39; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 319 id. 415; *People* v. *Wabash Railway Co.* 314 id. 388; *People* v. *Millard, supra; People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 256 Ill. 501 ; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 253 id. 100.) The taxpayer's right to have separately stated the purposes for which a tax is levied is a substantial right and he cannot be deprived of it under the guise of possible needs of the municipality. (*People* v. *Wabash Railway Co. supra; People* v. *Chicago, Milwaukee and St. Paul Railway Co. supra.*) Appellant's objections to the portions of the taxes levied on its real property by the town of Burton for unitemized

town purposes, amounting to $46.91 in the year 1923 and to $47.19 in the year 1924, should have been sustained.

The certificate of tax levy for the year 1924, signed by the president and clerk of the board of directors of school district No. 11 in McHenry county, was dated August 6, 1924, and appellant objected that the levy was not made on or prior to the first Tuesday in August, as required by section 190 of the School act. On the hearing of this objection Jacob J. Freund, the clerk of the directors, testified that the school district's tax levy for the year 1924 was made at the meeting of the directors held on June 22, 1924, that all the directors were present at the meeting, and that he made a record of the proceedings as follows:

"Meeting held by the Board of Dir. for the purpose of levying taxes for the year 1924. Fifteen hundred dol. being the am. required Teaching, Fuel & Incidentals. It was also moved and seconded that Miss Winn should be retained at $135 a month. No further business the board adjourned.

"Dated this 22nd day of June, 1924.    J. J. FREUND, *Clerk.*"

Appellant objected to the introduction of the record on the ground that it failed to show a valid tax levy. The objection was overruled and the record was admitted. The witness was asked whether at the meeting a motion was made, seconded and carried that a tax in the sum of $1500 be levied for that year, and he answered in the affirmative. Appellee then moved that the witness, as clerk of the school directors, be allowed to amend the record to conform to what actually occurred at the meeting. The motion was granted and the record was amended. The testimony was sufficiently certain to justify the court in permitting the amendment. (*People* v. *Illinois Central Railroad Co.* 319 Ill. 266.) It is not necessary that the certificate of the levy be signed on the day the levy is made, and the fact that the certificate was dated August 6 did not show that the levy was made on that day. The objection was properly overruled.

The tax levied by school district No. 30 in McHenry county was extended upon a certificate dated August 9, 1923. Appellant objected that the levy was not made on or prior to the first Tuesday in August, and that the tax on its real property, amounting to $204.24, was void. George B. Myers, the clerk of the school directors, testified that a meeting was held on the first or second day of August, 1923, when he and Sommer, another director, decided that the levy should be $900, subject to the approval of Tamblyn, the president of the directors, who was then absent; that he remembered levying the tax; that he kept the record of the directors' meetings on loose-leaf blanks, and that he had searched for the record of the meeting relating to the tax levy in question but that he could not find it. The certificate was signed by himself and approved by the president after his return, on August 9. Upon this showing appellee asked and obtained leave that the clerk of the school directors supply the record of the meeting of August 1 or 2, 1923. The record so supplied is as follows:

"At a meeting of the directors of School District No. 30 held at the home of Albert Sommer on August 1st or 2nd, 1923, to determine the annual tax levy for the year 1924, the following resolution was adopted:

" '*Resolved,* that the sum of nine hundred dollars ($900) be levied as a special tax for school purposes on the taxable property of this district, lying in McHenry county, for the year 1924.'

"That upon motion duly made and seconded the above resolution was carried, and the clerk of this board directed to execute a certificate of levy and file the same according to law.

GEO. B. MYERS, *Clerk.*"

Where the default of the clerk of which complaint is made does not affect the substantial justice of the tax and the evidence shows clearly that the tax was regularly levied, then no just reason appears why the record should not be ·made to speak the truth. (*People* v. *Illinois Central Railroad Co. supra; People* v. *New York, Chicago and St. Louis Railroad Co.* 320 Ill. 148.) It is not permissible

to change the record to show that certain action was taken when in fact such action was not taken, nor is it proper to amend the record where the parol testimony is uncertain and contradictory. (*People* v. *New York, Chicago and St. Louis Railroad Co.* 324 Ill. 510; *People* v. *Wabash Railway Co.* 316 id. 403.) The certificate of the levy need not be signed on the day the levy is made, but the provisions of the statute concerning the time of making the levy are mandatory. (*People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 321 Ill. 499.) There is nothing to show that any such resolution as that which the trial judge permitted the clerk to supply was originally adopted at a meeting held on or before the first Tuesday in August, as required by section 190 of the School act, and there is no direct and positive evidence that the tax levy was regularly made as stated in the record supplied. The testimony upon which the county judge acted does not meet the test of certainty required for such action. It was not clear that the tax levy was made on or before the first Tuesday in August. This objection should have been sustained.

The tax levy by the directors of school district No. 33 in McHenry county, appellant asserts, is void. The president and clerk of the directors of this district certified, in the form prescribed by section 190 of the School act, that $2150 was required for educational purposes and $950 for building purposes. The certificate was dated August 8, 1924. George J. Richardson, the clerk, testified that he had the record of the meeting of May 20, 1924, at which the tax was levied. The minutes of the meeting were introduced in evidence and so far as they pertain to the tax levy in question are as follows:

"The tax levy was brought up and we made a list of approximate expenditures and found it necessary to increase over last year. The amounts decided upon were $2150 for educational and $950 for building and bonds.     Geo. J. Richardson, *Clerk.*"

The witness testified that all the directors were present. He was asked whether a vote was taken on the tax levy, and he answered in the affirmative. On cross-examination he testified that he believed a vote was taken at the meeting; that he did not remember who made the motion but that the president put it; that he, the witness, listed the budget and the expenses, and that there was no discussion, after the motion was made, in relation to the tax levy. On the foregoing testimony the court granted a motion to amend the record of the meeting, and the clerk made the following amendment:

"Additional minutes to be connected with the last paragraph of preceding minutes concerning the tax levy, dated May 20, 1924. Motion made and seconded that the tax levy be $3100. President Arthur Bell put the motion and motion carried. No further business the meeting adjourned.

Geo. J. Richardson."

The use of the words "the amounts decided upon," setting forth the amounts contained in the minutes of May 20, 1924, taken in connection with the clerk's testimony, justified the county court in permitting the amendment of the minutes to be made. This objection was properly overruled.

Appellant objected to the tax levy by the directors of school district No. 10J in the counties of Lake and McHenry on the ground that no certificate of tax levy had been filed in McHenry county. When this objection was under consideration by the county court appellee at first conceded that the certificate of the levy of this tax had not been filed in McHenry county. Later, however, the county clerk was permitted to testify that he had in his office a certificate of the tax levy of this district for the year 1924. A resolution by the directors of district No. 10J, dated August 20, 1923, and signed by Joseph Klaus, president, and Ben H. Watts, clerk, was then offered in evidence. The resolution provided for the issuance of bonds in the sum of $10,000 for the purchase of a site and the erection of a school building thereon and for the levy of a direct

annual tax to pay and discharge the bonds at their respective maturities. For the year 1924 the levy was of a sum sufficient to produce $1600. The resolution was made subject to the approval and authorization of a majority of the votes cast at an election to be held in the district pursuant to law. The certificate to this resolution sets forth that it was adopted by the directors of the district; that it was approved and authorized by a majority of the voters of the district at the election held on August 31, 1923, and that the original resolution and the record of its adoption by the directors and the record of the election were on file in the clerk's office. Appellant's argument that the tax is void for the want of authority to extend it is predicated upon the insufficiency of this certificate and upon the provisions of the statute concerning the power of school directors to locate and purchase school house sites or to purchase or build school houses, to which purposes the tax levy was confined in the present case. It is argued that in the absence of a showing that notice of the election was given by the directors, that the votes were by ballot, and that in other respects the election was conducted as required by law, jurisdictional facts are lacking. When the resolution made the extension of the tax dependent upon the approval of the voters of the district it was established that the resolution itself was not to be the final evidence of the levy of the tax and that the levy was not to be complete until there was a favorable vote upon the bond issue. The holding of a valid election and a favorable result were conditions precedent to the complete levy of the tax. While the certificate by the clerk of the school directors to a resolution authorizing a tax would be sufficient evidence of the levy of the tax if the resolution purported to show that final action had been taken by the directors of the school district, (*People v. Illinois Central Railroad Co.* 314 Ill. 339; *People v. Cox,* 301 id. 130;) yet the clerk could not certify that a valid election authorizing the tax had been held subsequently to

the date of the certificate. If the resolution which was certified were to be considered a completed tax levy, then the approval of the bond issue and the provision for the extension of the tax would have the same effect as an appropriation made after the tax levy, which cannot be done. (*People* v. *St. Louis, Alton and Terre Haute Railroad Co.* 230 Ill. 61; *People* v. *Florville*, 207 id. 79.) Appellant's objection to the tax levied by school district No. 10J should have been sustained.

The judgment of the county court so far as it concerns the taxes of the town of Burton and of school districts Nos. 30 and 10J is reversed; in all other respects that judgment is affirmed.

*Affirmed in part and reversed in part.*