(No. 23069) 

THE PEOPLE *ex rel.* G. J. Frick, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellant.

*Opinion filed October 24, 1935.*

DENISON & SPILLER, (K. L. RICHMOND, of counsel,) for appellant.

CHARLES C. MURRAH, State's Attorney, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The county court of Williamson county overruled the objections of the Chicago and Eastern Illinois Railway Company to certain taxes levied against its property for the year 1933 and entered an order of sale. This appeal followed.

A levy was made for "County farm, $2600." In *People* v. *Alton and Eastern Railroad Co.* 359 Ill. 440, we pointed out that we have repeatedly held such levies void when the amount to be raised by the county is for several purposes and the amount for each purpose is not stated separately.

The levy of the village of White Ash contained an item, "Police department, $600," to which objection was made. By section 1 of article 8 of the Cities and Villages act (Smith's Stat. 1933, chap. 24, par. 123; Cahill's Stat. chap. 24, par. 115;) it is required that the annual tax levy ordinance shall specify in detail the purposes for which all appropriations are levied and the amount appropriated for each purpose. A levy merely stating that it is for a certain department of a municipal government does not state separately the purposes for which the money is appropriated or levied and the amount of each purpose, as the stat-

ute requires. We have held such levies are void. *People
v. Chicago, Milwaukee, St. Paul and Pacific Railroad Co.*
359 Ill. 351; *Siegel v. City of Belleville,* 349 id. 240.

The total levy of the village of White Ash was $1800,
including an item, "General expense, $350." The total levy
of the city of Johnston City was $47,500. One of the
items is, "General expense, $4000." The objections chal-
lenged the validity of these items. To justify a levy for
contingent or miscellaneous purposes the sum levied must
be a very small proportion of the total amount levied. The
levies for general expense here do not come within that
category and are void. *People v. Chicago, Milwaukee and
St. Paul Railway Co.* 326 Ill. 179; *People v. Wabash Rail-
way Co.* 321 id. 39; *People v. Chicago, Milwaukee and
St. Paul Railway Co.* 319 id. 415.

Included in the tax levy of the city of Johnston City
were two items covered by the objections—*i. e.,* "Water
fund, $5000," and "Light fund, $4000." It cannot be de-
termined from either item whether the amount levied is to
be expended for water and light, respectively, or for sal-
aries, purchase of equipment, acquiring real estate, exten-
sions, repairs, or other expenses. These items fall within
the condemnation of uncertain, vague and indefinite levies.
(*People v. Alton and Eastern Railroad Co. supra; People
v. Cairo, Vincennes and Chicago Railway Co.* 243 id. 217.)
The tax-payer's right to have separately stated the pur-
poses for which public money is appropriated or levied is
a substantial right, of which he may not be deprived. *Peo-
ple v. Chicago, Milwaukee, St. Paul and Pacific Railroad
Co. supra; People v. Baltimore and Ohio Southwestern
Railroad Co.* 359 Ill. 301.

The items objected to in the annual levy of the city of
Marion were: "Salaries of officers and employees of the
department of accounts and finance, $3000;" "Salaries of
officers and employees of the department of public prop-
erty, $2500;" "Attorneys' fees and court expenses, $3000."

It is contended that each of the items is a lump sum levy for two separate purposes. Where a particular appropriation or levy is not sufficiently definite to disclose to the tax-payer the purpose for which the money is to be expended it fails to comply with the statutory requirement and is void. However, it is not necessary to specify every item which a municipality may expect to pay out of a particular appropriation whenever the general purpose designated informs the tax-payer of the purposes for which the money is to be expended. A single general purpose is sufficient to include every appropriate expenditure although there may be many items. (*People* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co. supra; People* v. *Baltimore and Ohio Southwestern Railroad Co. supra.*) In *People* v. *Bowman,* 253 Ill. 234, we held that a levy for "Salary, clerk hire and expenses of county treasurer" sufficiently complies with the statute. An item "For the payment of fees and salaries and clerk hire of the various county officers" was held valid under such a general designation in *People* v. *Chicago and Alton Railroad Co.* 273 Ill. 452. In *People* v. *Vogt,* 262 Ill. 170, we held an item of $16,000 for officers' and employees' fees and salaries invalid because it included, first, officers' salaries, and second, employees' fees and salaries. The two salary items here under consideration are not subject to that criticism. As to the item of $3000 for attorneys' fees and court expenses, it is claimed that if no court expenses were incurred the city could pay the entire amount for attorneys' fees. Municipalities ordinarily compensate their attorneys for regular duties by way of salaries. Court proceedings frequently necessitate the payment of attorney fees in addition to such salaries, either to the officer entitled to such salary under proper provisions or to additional counsel employed. We think it is plain that this item covers the expense of court proceedings, including incidental attorneys' fees, and does not include the payment of compensation to attorneys for

other services. Courts will not adopt strained constructions in order to invalidate a tax, and the burden rests upon an objector to show its invalidity. (*People* v. *New York Central Railroad Co.* 355 Ill. 80; *People* v. *Marshall Field & Co.* 355 id. 633.) The levy comes within that class of cases where the single general purpose embraces appropriate items and sufficiently informs the tax-payer of the purposes for which the money is to be expended. The court correctly overruled the objections to the items in the levy of the city of Marion.

The next objection is to the levy of school district No. 22. Section 190 of the School law (Smith's Stat. 1933, chap. 122, par. 213,) requires boards of directors and boards of education to certify and return to the township treasurer, on or before the first Tuesday in August, the amounts to be raised by taxation for educational and for building purposes. The certificate of levy for school district No. 22 was dated August 8, 1933. The first Tuesday in that month was August 1. No effort was made to show that the levy was made on or before that day. The presumption of law, in the absence of evidence to the contrary, is that an instrument is executed on the date it bears. (*Holm* v. *Lynd,* 343 Ill. 645; *Chicago and Alton Railroad Co.* v. *Keegan,* 152 id. 413.) Under that rule the certificate was *prima facie* evidence that the levy was not made until August 8. It is well settled that the provisions of the statute are mandatory and school taxes levied after the time prescribed by the statute are void. (*People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 321 Ill. 499; *People* v. *Chicago and Alton Railroad Co.* 306 id. 525; *People* v. *Wabash Railway Co.* 296 id. 518.) On the facts in the record the objection to this levy should have been sustained.

The levies of road districts 8-2, 8-3, 9-2, 9-3 and 10-2 were objected to on the ground that they were not presented to and approved by the county board at its Septem-

ber meeting in 1933, as required by section 56 of the Roads and Bridges act. (Cahill's Stat. 1933, chap. 121, par. 62; Smith's Stat. 1933, chap. 121, par. 62.) The undisputed testimony shows that the record of the proceedings of the county board at its September meeting as it was originally recorded did not show the approval of the levies. The county clerk told an examiner employed by appellant that the omission was because the board had never approved them, and said, "They don't have to, do they?" More than six months after the September meeting, sheets showing an approval of the levies were by direction of the county clerk substituted for the original sheets in the loose-leaf record of the board's proceedings. Without any attempt to show that the record was amended to speak the truth, the substituted sheets were admitted in evidence over appellant's objection and the objection was overruled. The county board is a body corporate, has a clerk and is required to keep a record of the proceedings. The record is the best evidence of its acts. (*People* v. *Chicago and Eastern Illinois Railway Co.* 326 Ill. 354; *Village of Bellwood* v. *Galt,* 321 id. 504.) If the board did, in fact, approve the levies, oral testimony was admissible to prove that fact for the purpose of amending the record. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 Ill. 226; *People* v. *Illinois Central Railroad Co.* 319 id. 266.) An amendment of the record should be allowed only when there is clear and satisfactory proof that a mistake exists in the original record and that the amendment is necessary to correct it. (*People* v. *Schlitz Transfer Co.* 333 Ill. 333; *People* v. *Illinois Central Railroad Co.* 347 id. 377.) The testimony in this case failed to show that the amended record speaks the truth. On the contrary, it disclosed that the levies were not approved by the county board. The levies were therefore void. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. supra; People* v. *Illinois Central Railroad Co.* 266 Ill. 636.

That part of the judgment of the county court overruling the objections to the items in the levy of the city of Marion was correct and is affirmed. As to all the other objections the judgment is reversed and the cause remanded to the county court, with directions to sustain such objections. *Affirmed in part, reversed in part and remanded, with directions.*