(No. 25164.—

THE PEOPLE *ex rel.* Richard S. Wangelin, County Collector, Appellee, *vs.* THE BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY, Appellant.

*Opinion filed June 19, 1939—Rehearing denied October 4, 1939.*

KRAMER, CAMPBELL, COSTELLO & WIECHERT, (MORISON R. WAITE, and WILLIAM A. EGGERS, of counsel,) for appellant.

LOUIS P. ZERWECK, State's Attorney, and POPE & DRIEMEYER, for appellee.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

This is an appeal from a judgment of the county court of St. Clair county, after the overruling of objections filed by the Baltimore and Ohio Southwestern Railroad Company to taxes extended against it for the year 1937. The objections were to two items of tax; one for tuberculosis sanitarium purposes and one for the town taxes for the town of East St. Louis. By an agreed statement of facts it was stipulated that the county collector by his application for judgment for delinquent taxes against property in the county for the year 1937, in the county court of St. Clair

county, had made a *prima facie* case for judgment, which, as to the items mentioned, was for $1532.80 and $129.93, respectively.

More than one hundred qualified voters petitioned the board of supervisors of St. Clair county for the levy of an annual tax not to exceed one and one-half mills on the dollar for the establishment and maintenance of a county tuberculosis sanitarium, in accordance with the statute providing therefor, and requesting the submission of the proposition to the voters of the county. The board of directors of the St. Clair County Tuberculosis Sanitarium certified to the board of supervisors that the sum of $185,000 would be required to be levied as a tax for the year 1937 for the purpose of defraying all necessary expenses and liabilities of the sanitarium, including the acquiring of a site and construction of the sanitarium, and requested that a tax be levied at the rate of one and one-half mills on the dollar on all property in the county, as assessed and equalized for the year 1937, for the purpose mentioned. The board of supervisors thereafter adopted a resolution reciting the request of the directors of the sanitarium, and expressing the opinion that the county needed tuberculosis sanitarium facilities and that the tax should be extended in excess of the statutory tax limit of twenty-five cents on the one hundred dollars valuation of the taxable property of the county. The county clerk was directed to take the necessary legal steps to submit to a vote "the question of raising the tax in excess of the statutory limit of twenty-five cents per one hundred dollars valuation, said tax not to exceed one and one-half mills on the dollar of the assessed valuation of all taxable property in St. Clair county for the years 1937, 1938, 1939, 1940, 1941, 1942, 1943, 1944, 1945 and 1946; the aggregate of such tax to equal approximately $165,000 per year. The purpose for which this tax shall be raised is for the establishment and maintenance of a county tuberculosis sanitarium in St. Clair county, Illinois," etc.

The resolution stated the substance of the proposition to be submitted, as follows: "Shall there be levied in St. Clair county, Illinois, a tax for the years [heretofore mentioned] said tax to be in excess of the statutory limit of 25 cents per $100 valuation as assessed and equalized for State and county purposes; said excess tax not to exceed $1\frac{1}{2}$ mills on the dollar of the assessed valuation of the taxable property in St. Clair county, Illinois; said excess tax to be for the purpose of establishing and maintaining a St. Clair County Tuberculosis Sanitarium," in accordance with the provisions of the act mentioned. "The excess tax is to be raised in accordance with 'an act to raise a tax in addition to the statutory limit,' and the proposition is to be submitted to the voters in accordance with the provisions of this act." (Section 27 of the Counties act.) Pursuant to the resolution the county clerk prepared an election notice for the election of November 3, 1936, and the form of the ballot containing the proposition was published, as follows:

| | | |
|---|---|---|
| "For the levy of a tax for establishing and maintaining a county tuberculosis sanitarium, not to exceed one and one-half mills on the dollar assessed valuation, in excess of the statutory limit of twenty-five cents per one hundred dollars valuation, annually for the years 1937, 1938, 1939, 1940, 1941, 1942, 1943, 1944, 1945, and 1946. | For | |
| or | | |
| Against the levy of a tax for establishing and maintaining a county tuberculosis sanitarium, not to exceed one and one-half mills on the dollar assessed valuation, in excess of the statutory limit of twenty-five cents per one hundred dollars valuation, annually for the years 1937, 1938, 1939, 1940, 1941, 1942, 1943, 1944, 1945 and 1946." | Against | |

The ballot was in the same form. The proposition was submitted to the voters and carried by a substantial majority.

The board of supervisors, by resolution, levied the amount of $185,000 for the purpose mentioned, and directed the county clerk to extend the tax against all property in the county subject to taxation, at the rate of one and one-half mills on the dollar, or so much as would be required to produce the amount of $185,000 levied as a tax, after allowing for the cost and loss in collection of the tax. The county clerk was directed to extend the rate required to produce the amount of taxes so levied, in addition to the rate to be extended to produce the amount of taxes levied for general county purposes and for all other county purposes, in accordance with the vote of the people of the county, authorizing and directing the levy and extension of the tax for county tuberculosis sanitarium purposes at a rate in addition to the maximum rate of taxes to be levied for general county purposes.

Counsel for appellant claim that the proceedings authorizing the tax for the sanitarium in addition to the tax for general county purposes were invalid. It is argued that there should have been two separate and distinct ballots or propositions submitted to the voters at the election, one under section 2 of the County Tuberculosis Sanitarium act and the other under section 27 of the Counties act; that, as prepared, the ballot, in fact, presented two propositions but in the form of one only, so that no opportunity was afforded the voters to vote for one proposition without also voting for the other; that the word "additional" should have been used in the ballot in connection with the words "in excess of" the statutory limit; that the language, "one and one-half mills on the dollar," in one place on the ballot, and "twenty-five cents per one hundred dollars valuation" at another place on the same ballot was confusing to voters; that the ordinary voter would not realize that the tax rate stated in mills was equivalent to fifteen cents on the one

hundred dollar valuation, or sixty per cent of the maximum rate of twenty-five cents for general county purposes in St. Clair county; that in the first resolution of the county board the aggregate of the tax was provided to equal approximately $165,000 per year, but the levy after the election was for $185,000. The levy for the latter amount apparently, among other things, took into consideration the loss in collection of taxes and reasonably might "equal approximately" $165,000 a year.

The decision of the question whether it was necessary to submit to the voters separate propositions, one under the Counties act and another under the County Tuberculosis Sanitarium act requires a brief consideration of those sections. Section 27 of the Counties act (Ill. Rev. Stat. 1937, chap. 34, par. 27, p. 913) provides that the county board may submit the question of assessing additional taxes (in excess of those authorized without a vote of the people) and that the form of the proposition shall be, "For additional taxes in excess of the statutory limit of .... cents per one hundred dollars valuation," and the votes opposed shall be "Against additional tax in excess of the statutory limit of ...... cents per one hundred dollars valuation." It is argued that it might well be conceived that if the two propositions had been submitted to the voters that the proposition for the levy of a tax for a tuberculosis sanitarium may have carried and the proposition for an additional tax may have been defeated, in which case the county might not be able to levy a tax for a tuberculosis sanitarium, which must be included within the limit for general corporate purposes; that many voters may have been in favor of a tax for a tuberculosis sanitarium, but, if given the opportunity, would have voted against an additional tax.

Section 1 of the County Tuberculosis Sanitarium act (Ill. Rev. Stat. 1937, chap. 34, par. 164) authorizes the county board of each county, "in the manner hereinafter provided," to establish and maintain a county tuberculosis

sanitarium, and to levy a tax not to exceed one and one-half mills on the dollar on the taxable property in the county, the tax to be levied and collected in like manner with the general taxes of the county. Section 2 of the act provides a method for compelling the board of supervisors to undertake a tuberculosis control program. One hundred voters may petition the board to levy an annual tax and the county board shall instruct the county clerk to give notice of an election to submit the proposition to the voters. That procedure was followed in this case.

When the voters authorized the establishment and maintenance of the county tuberculosis sanitarium the board then had the power to levy a tax for sanitarium purposes. (*People* v. *Illinois Central Railroad Co.* 301 Ill. 288; *People* v. *Wabash Railway Co.* 286 id. 15.) It is not proper to submit separate and unrelated propositions on the same ballot, (*Williams* v. *People,* 132 Ill. 574,) but the propositions here were not separate and unrelated. (*People* v. *New York, Chicago and St. Louis Railroad Co.* 364 Ill. 456.) Obviously, if the voters voted for the burden of a tax beyond the statutory limit they did not object to a tax within the statutory limit, which would not require their sanction. After an affirmative vote on the proposition the voters would not be in a position to assert that they were deprived of a separate right to vote on the proposition of establishing and maintaining the sanitarium. They would not be against establishing a sanitarium which required taxation for its establishment and maintenance and at the same time be in favor of an excess tax for the sanitarium, which required their sanction.

It is argued that, as prepared and voted, the ballot did not provide for an "additional" tax and the voters were not informed that it was an "additional tax" for which they were voting. The word "additional" did not appear on the ballot but the words "in excess of the statutory limit" informed the voters that they were authorizing a tax in ex-

cess of any the board could levy within the statutory limit. The failure of the ballot to use the word "additional" in connection with the words "in excess of" in designating the additional tax, was of no significance, for the meaning is the same. The wording on the ballot was simple and easily understood and there was no reason for the voters to be confused or misled. For the reason stated, the voters would not misunderstand the meaning of the words "one and one-half mills" used in the ballot.

Counsel for the objector, among other cases, cite in support of their contention, *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.*, 360 Ill. 180. In that case there was submitted to the voters a proposition to levy a tax for a purpose not contained in the resolution of the county board and not authorized by statute. The decision rightly held that there was a substantial and material variance between the resolution and ballot.

The ballot in the present case was in accordance with the resolution and substantially in the form prescribed by section 27 of the Counties act and the County Tuberculosis Sanitarium act. The voters expressed their will unmistakably as favoring a tax for tuberculosis sanitarium purposes and at a rate in excess of the statutory limit. The objection to this item was properly overruled.

The objection to the town taxes for the town of East St. Louis was based upon the fact that no certificate of the board of town auditors had been filed with the town clerk as to claims audited and allowed by the board of town auditors in the amount of $19,589.23, prior to or at the time of the annual town meeting. A resolution of the electors at the annual town meeting, April 9, 1937, among other items, levied the amount mentioned. On December 22, 1938, at the time the objections to the taxes were presented in the county court, the records of the board of town auditors were amended to show that at the meeting of the board of town auditors on March 30, 1937, that body had allowed

the sum of $19,589.23 for claims against the town. A supplemental certificate to that effect was filed at the time the amendment was made. There was testimony on the hearing of the objections that the claims amounting to $19,589.23 had, in fact, been presented to the town auditors and audited, but that they were not included in the certificate of audit of claims made on the date mentioned. The testimony was that the board of town auditors believed there previously had been made a certificate of audit covering the claims. It also appeared that the town clerk, previous to the annual town meeting, had posted a financial statement of the chief supervisor of the town showing the items of claims, the aggregate of which totaled $19,589.23, to which the objection was made. It was upon this evidence that the motion to amend was based and allowed. There was a certificate of the town clerk that the electors at the annual town meeting on April 6, 1937, levied taxes on the taxable property in the town, for the various purposes required, including the payment of claims "audited and allowed by the Town Board of Auditors of the Town of East St. Louis prior to their regular semi-annual meeting held on the 30th day of March, 1937 * * * in the sum of $19,589.23." This certificate was filed in the office of the county clerk and that official, on the certificate of the town clerk, extended the town taxes for the year 1937, for the town of East St. Louis. The certificate of levy to the county clerk need not specify the separate accounts for which the levy is made. *People* v. *Chicago, Burlington and Quincy Railroad Co.*, 282 Ill. 206.

It is the contention of the appellee that the record of the board of town auditors disclosed the facts relative to the audit and allowance of claims and that record was better evidence of the proceedings of the board than a certificate of the town board of auditors; that the amendment of the records was justified and that the failure to file the certificate of the board of town auditors until after the tax was levied

did not render the tax invalid. In *Town of Kankakee* v. *McGrew,* 178 Ill. 74, the contention was made similar to that of appellant here. We said, "The statute requires that the board of auditors shall make a certificate specifying the nature and amount of all claims and demands allowed at each meeting of the board, and shall deliver such certificate to the town clerk, to be kept on file  *  *  *  'for the inspection of any of the inhabitants of such town.'   *   *   * It seems such certificate was not made in this instance. Appellant contends the certificate so required is the only legal evidence of the action of the board. This is a misapprehension. The purpose to be served by this certificate is to furnish information to the inhabitants of the town as to the indebtedness of the town. Paragraph 126a of said chapter 139 provides that a record of the proceedings of the board of town auditors shall be kept in a book to be provided for that purpose. This record constitutes the best evidence as to the proceedings of the board." The counter-suggestion is made that the *McGrew case* was not a tax proceeding and the fact that the record of the board of town auditors might constitute as good or better evidence than the certificate of the board, is of no avail as against the positive requirement of the statute in matters of taxation.

The statute authorizing the levy of a tax must be followed. If, however, defects in the proceedings for the levy of a tax are mere irregularities they may be corrected but no amendment to show additional action, which was not in fact taken, may be made. An attempt to make a levy valid at the time of the proposed amendment upon application for judgment is of no avail. An unitemized certificate of highway commissioners or board of town auditors submitted to the county board for the levy of a tax may not be amended after the tax has been extended, the county board not having, in fact, been afforded the itemized information required by the statute for the levy of the tax. (*People* v. *Wabash*

*Railway Co.,* 316 Ill. 403.) The annual town meeting in this case had the required itemized information when it levied the tax.

There is no contention that the board of town auditors did not, in fact, audit and allow the claims against the town of East St. Louis, including those in the item in the town levy objected to, at the meeting on March 30, 1937, in addition to other claims allowed at the same meeting. The financial report, including the claims, constituting the item in question, was read at the town meeting. The statement in the item of levy that the claims had been audited and allowed prior to that date was a mere irregularity, not affecting the substantial justice of the tax. The levy was made at the town meeting and not by the board of town auditors, the town clerk certified the amount and the county clerk extended a tax thereon. As to the propriety of the amendment of a town record to show that proper proceedings were had relative to the levy of a tax, we said, in *People* v. *New York, Chicago and St. Louis Railroad Co.* 320 Ill. 148, "Section 191 of the Revenue act makes liberal provision for the correction of irregularities and omissions in proceedings connected with the levying of taxes which do not affect the substantial justice of the tax. If, as a matter of fact, proper proceedings have been had for the levying of a tax and the clerk has failed to properly record the proceedings, it is proper for the public authorities to prove by competent evidence that proper proceedings were had, and if the evidence offered shows clearly that the proceedings were regular, the court has authority to order the record amended so that it will speak the truth." *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 326 Ill. 179.

There is no evidence in the record that any person was misled by a failure to ascertain the fact that the claims constituting the item objected to were to be included in the levy, nor that any taxpayer was injured by reason of the defect in the first certificate of the board of town auditors in

omitting the claims constituting the item to which objection was made. A notice of the claims had been posted and an inquiry of the town clerk before and after the town meeting and levy would have disclosed the claims. The town clerk, in fact, ascertained the correct amount of the claims and that amount was certified to the county clerk who extended the tax thereon. The bills were proper charges against and became just obligations of the town upon the levy. They had been audited and allowed by the board of town auditors but through inadvertence were omitted from the first certificate of the board of town auditors. This was a mere irregularity not affecting the substantial justice of the tax. The board of town auditors is required to make a certificate, signed by a majority of the members, specifying the nature of the claim or demand, and to whom the amount is allowed, (Laws of 1931-32, First Sp. Sess. p. 157,) but it is not required that the aggregate amount of the claims shall be certified to the county clerk at the same time and in the same manner as other amounts required to be raised for town purposes, which shall be levied and collected as other town taxes, as was formerly required. The electors at the annual town meeting may raise money by taxation for purposes required by law and were authorized to levy the tax in question and levied it. The amendment of the record of proceedings of the board of town auditors and the amendment of the certificate of claims audited and allowed by the board of town auditors did not affect the substantial justice of the tax, and no error was committed in permitting the amendments. (*People* v. *Southern Railway Co.* 367 Ill. 389; *People* v. *Baltimore and Ohio Southwestern Railway Co.* 353 id. 492; *People* v. *Chicago, Milwaukee and St. Paul Railway Co. supra.*) The objections of the appellant were properly overruled.

The judgment of the county court of St. Clair county is affirmed.

*Judgment affirmed.*